CHARLES MEYER, Appellant, *against* THE MAYOR, ALDERMEN, AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

(Decided January 3d, 1888.)

The act of 1886 (L. 1886 c. 572) requiring that, in actions against certain municipal corporations for personal injuries, notice of intention to bring such action and of the time and place at which the injuries were received, must be given within six months of the time when the cause of action arose, does not apply where the action is commenced within the six months by the service of a summons and complaint.

APPEAL from a judgment of this court entered upon the dismissal of a complaint.

The action was for damages for injuries sustained in falling into a basin or culvert in the sidewalk in front of No. 44 Beach Street in New York City. The defense was a denial of the facts alleged and of any negligence on the part of defendant; an averment of contributory negligence; and a denial " that the plaintiff caused to be filed with the counsel to the corporation of the City of New York within six months after the cause of action herein accrued notice of his intention to commence this action and of the time and place at which such injuries were received."

On the trial the defendant moved to dismiss the complaint upon the ground that the evidence showed that the plaintiff had failed to comply with the provisions of chapter 572 of the Laws of 1886. That act provides that: " No action against the mayor, aldermen, and commonalty of any city in this state having fifty thousand inhabitants or over, for damages for personal injuries alleged to have been sustained by reason of the negligence of such mayor, aldermen, and commonalty, or of any department, board, officer, agent, or employe of said corporation, shall be maintained . . . unless notice of the intention to commence said action and of the time and place at which the injuries were received shall have been filed with the counsel to the corporation, or other proper law officer thereof, within six months after such cause of action shall have accrued."

The injuries of the plaintiff were received on July 9th, 1886, and this action was commenced by the voluntary appearance of the defendant on October 4th, 1886. Five days before such appearance and on September 29th, 1886, a copy of the summons and complaint was left at the office of the corporation counsel with a person or clerk in his employ, in the expectation that a notice of appearance would be sent to plaintiff's attorneys. The complaint was dismissed for failure to file with the corporation counsel the notice re-

quired by the statute aforesaid. From the judgment entered thereon plaintiff appealed.

*Edward S. Hubbe,* for appellant.

*D. J. Dean* and *Robert L. Wensley,* for respondent.

J. F. DALY, J. — [After stating the facts as above.] — The object of the enactment in question is manifest; it is to enable the counsel to the corporation to make such inquiries into the circumstances of any accident which is to be made the basis of an action against the city, as may be necessary to prepare a defense to such action. It is an enactment of a different character from that which requires the presentment of the claim to the comptroller at least thirty days before the commencement of the action (Consol. Act 1882 § 1104).

The object of the latter statute, as appears from its terms, is to give an opportunity to the financial officer of the city to examine the validity of the claim presented and by adjustment or payment thereof to avoid the expense of an action. The statute of 1886 was intended to prevent the mischief that might ensue from the plaintiff's delaying to bring his action for injuries until so long after the alleged occurrence that the means of preparing a defense might be lost or greatly impaired. The legislature evidently deemed that a notice given within six months would fully protect the interests of the city; and it is a fair inference that if the time to bring actions in such cases were limited to six months no notice would have been required.

We are to look at the mischief to be remedied and the remedy adopted in order to ascertain the application of a new statute; and if, as seems reasonable, the mischief to be remedied was that pointed out above, and the remedy adopted was to give the city notice within six months of the happening of the accident of the intention to bring suit therefor, then it would seem that the statute was not intended to apply where the action is commenced within the six months by the service of the summons and complaint

on the counsel to the corporation; for the notice required for the protection of the city is given in the fullest manner by the action itself.

It will be observed that the statute does not require that any period of time shall elapse between the filing of the notice and the commencement of the action; so that the notice may be filed one day and the action commenced the next, or on the same day, or even at the same time; for the only requirement of the statute is that the notice must be filed within six months after the cause of action has accrued. If, then, the action may follow so closely upon the heels of the notice that there shall not be any appreciable lapse of time between them, the filing of the notice in that case seems an idle ceremony; and I think it is so where the action is commenced in the manner I have stated within the six months; and therefore I conclude that the legislature could not have intended it in any such case, but only in those where the bringing of the action is delayed beyond the six months' limit.

In this case the plaintiff's action was commenced by the voluntary appearance of the defendant, by the counsel to the corporation, after the latter had received the summons and complaint, and this was all before the expiration of six months from the time of the accident for which the plaintiff claims damages. There was, I think, a substantial compliance with the statute, in that the summons and complaint were left at the corporation counsel's office before the notice of appearance was given. A copy of the proposed summons and complaint conveys all the information which the statutory notice is designed to give. It is true that in this case the plaintiff did not intend the papers as such notice, for the action was commenced within so short a time after the passage of the act in question that his attorneys were not aware of the requirement; but if the statute were in fact complied with, the intention of the attorneys cannot undo the act. But I think that, for the other reason given, the judgment should be reversed and a new trial ordered, with costs to abide event.

LARREMORE, Ch. J., and VAN HOESEN, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.