MERZ *v.* CITY OF BROOKLYN.

*(City Court of Brooklyn, General Term.* October 29, 1890.)

1. MUNICIPAL CORPORATIONS—ACTIONS—NOTICE AND PRESENTMENT OF CLAIMS.
    Laws N. Y. 1886, c. 572, which provides that "no action against the mayor, aldermen, and commonalty of any city in this state having 50,000 inhabitants, or over, for damages for personal injuries" sustained by the negligence of such mayor, aldermen, and commonalty, shall be maintained, unless notice of the intention to commence such action, and of the time and place at which the injuries were received, shall be filed with the counsel to the corporation, or other proper law officer thereof, within six months after such cause of action accrues, applies to such actions against the city of Brooklyn, although the words "mayor, aldermen, and commonalty" form no part of the corporate title of that city, but only of the title of the city of New York.

2. SAME—LIMITATION OF ACTIONS.
    The legislature had power to require such a condition, and also to provide for the limitation of one year for such actions, that time being reasonable.

3. SAME.
    The provision of the act of 1886, requiring such notice, was not repealed by implication as to the city of Brooklyn by the subsequent revised charter of that city, as the charter did not repeal general laws of the state; nor was it repealed by Laws N. Y. 1890, c. 31, requiring demand on the financial officer of a city before action against it, as the two acts do not conflict.

Appeal from special term.

Action by Max Merz against the city of Brooklyn for injuries to the person of plaintiff, alleged to have been caused by the defective and dangerous condition of a public street in that city. Defendant demurred to the complaint, and the demurrer was sustained, and judgment for defendant rendered thereon. From the judgment, plaintiff appeals. Laws N. Y. 1886, c. 572, provides that "no action against the mayor, aldermen, and commonalty of any city in this state having 50,000 inhabitants, or over, for damages for personal injuries alleged to have been sustained by reason of the negligence of such mayor, aldermen, and commonalty, or of any department, board, officer, agent, or employe of said corporation, shall be maintained, unless the same shall be commenced within one year after the cause of action therefor shall

have accrued, nor unless notice of the intention to commence such action, and of the time and place at which the injuries were received, shall have been filed with the counsel to the corporation, or other proper law officer thereof, within six months after such cause of action shall have accrued.".

Argued before CLEMENT, C. J., and VAN WYCK, J.

. *Dailey & Bell*, for appellant.    *Almet F. Jenks*, for respondent.

CLEMENT, C. J.    It is claimed by the counsel for the appellant that chapter 572 of the Laws of 1886 does not apply to actions for personal injuries against the city of Brooklyn because such statute reads, "no action against the mayor, aldermen, and commonalty of any city in this state shall be maintained," etc., and for the reason that the words "mayor, aldermen, and commonalty" do not appear in the corporate title of this city, which is simply "The City of Brooklyn." The statute is carelessly drawn, and the point raised is not free from doubt, and should be determined by the court of appeals. We are inclined to hold that it does apply to actions against this city. The act is entitled, "An act in relation to certain actions against municipal corporations," and we think that the words in question are used as descriptive of all municipal corporations in the state, and that the act was not intended to affect only the city of New York. The words "counsel to the corporation, or other proper law officer thereof," near the end of section 1, are suggestive that the act applies to other cities, for the official title of the law officer of New York city is "counsel to the corporation." Section 36, c. 410, Laws 1882. Courts will take judicial knowledge of the population of political divisions of the state, (*Farley* v. *McConnell*, 7 Lans. 428,) and the act therefore requires, as a condition precedent, that, in order to maintain an action for personal injuries against the city of Brooklyn, the complaint should contain an allegation that notice of intention to commence the same, and of the time and place at which the injuries were received, has been filed with the corporation counsel within six months after such cause of action shall have accrued, and the legislature has the power to require such a condition. *Reining* v. *City of Buffalo*, 102 N. Y. 308, 6 N. E. Rep. 792.

The act under consideration also provides a statute of limitations for one year. That the legislature had power to so provide is beyond question. It has never been decided that the exemption clause of the charter was unconstitutional. The contrary was held in the case of *Gray* v. *Brooklyn*, 10 Abb. Pr. (N. S.) 186; but, in the light of later decisions of the court of appeals, it may be said that the point was not necessary to the decision of the case. The statute of limitations in actions against a sheriff is one year, (section 385, Code Civil Proc.,) and we know of no reason why the legislature cannot so provide as to actions against municipal corporations. The time is reasonable. *Wheeler* v. *Jackson*, 41 Hun, 410, affirmed in court of appeals, 105 N. Y. 681, 13 N. E. Rep. 931.

It is claimed that the act has been repealed by implication. Chapter 563 of the Laws of 1886 need not be considered, for the same did not apply to actions for torts. *Harrigan* v. *City of Brooklyn*, 119 N. Y. 156, 23 N. E. Rep. 741. The revised charter did not repeal any general laws of the state, and chapter 31, Laws 1890, cannot be construed as a repeal of the act before us, because the two acts do not conflict. Some of the cities of this state, prior to 1886, had provisions in their charters which required a demand for payment of the financial officer of such cities before an action could be maintained for a tort. The charters of the cities of Troy and Buffalo so provided, (*Harrigan* v. *City of Brooklyn*, 119 N. Y. 156, 158;[1]) and yet it is clear that chapter 572 of the Laws of 1886 did not repeal, so far as those cities are concerned, the acts requiring presentation of a demand on the financial officer. In other words, if we hold

[1] 23 N. E. Rep. 741.    ·

that the act of 1890 repealed by implication the law of 1886, then, in actions against the city of Brooklyn for personal injuries, a demand on the comptroller would be sufficient, without notice to the corporation counsel, while, in actions of the same class against the cities of Troy and Buffalo, notices to the financial and law officers would be required to be alleged in the complaint. It was within the power of the legislature to require notice to the corporation counsel, and also a demand on the comptroller. Whether notice to two officers would seem to be necessary, or whether notice to one officer ought to be sufficient to protect the city against suits, is not before us to decide. If the legislature had the power so to require notice of actions to two officers, of which there can be no doubt, then the remedy of the aggrieved parties is not in the courts, but in the body which made the law. The law of 1886 has been passed upon by the general term in two departments, and has been upheld. *Dawson* v. *City of Troy*, 2 N. Y. Supp. 137, and *Babcock* v. *Mayor, etc.*, 9 N. Y. Supp. 368. After a careful consideration of the briefs of counsel, we think that the decision at special term was right; but, in order that the points involved may be finally settled, a certificate will be made under section 190 of the Code.

Judgment affirmed, with costs.