## DUFF *v.* MAYOR, ETC., OF CITY OF NEW YORK.

(*Superior Court of New York City, General Term.*   October 10, 1891.)

MUNICIPAL CORPORATIONS—ACTIONS AGAINST—NOTICE OF INTENT TO SUE.

Laws N. Y. 1886, c. 572, § 1, which provides that no action for personal injuries shall be maintained against cities having 50,000 inhabitants, "unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of an intention to commence such action, and of the time and place at which the injuries were received, shall have been filed with counsel to the corporation within six months after such cause of action shall have accrued," does not require a notice of intention other than such as is conveyed by the service of a summons and complaint, when the action is brought within six months from the time the cause of action accrued.

Exceptions from jury term.

Action by Fannie J. Duff against the mayor, aldermen, and commonalty of the city of New York for personal injuries caused by stepping into a hole which defendants negligently suffered to exist in a cross-walk at the intersection of two streets. The injuries complained of were received June 4, 1888, and, after the presentation of plaintiff's claim to the comptroller of the city, and his neglect or refusal to pay the same, this action was begun October 31, 1888. At the trial defendants' counsel moved to dismiss the complaint on the ground that plaintiff had failed to comply with the requirements of Laws N. Y. 1886, c. 572, § 1, which provides that "no action against any city having 50,000 inhabitants, for personal injuries sustained by the negligence of such corporation, shall be maintained unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of an intention to commence such action, and of the time and place at which the injuries were received, shall have been filed with counsel to the corporation within six months after such cause of action shall have accrued." It was admitted that the notice served on the comptroller was by him sent to the corporation counsel the next day, and plaintiff's counsel contended that this was a sufficient notice under this statute, but the court held otherwise; and, after further holding that it had no power to allow an amendment of this notice *nunc pro tunc* by inserting therein notice of intention to bring suit, dismissed the complaint, and ordered plaintiff's exceptions to be heard in the first instance at the general term.

Argued before FREEDMAN, DUGRO, and GILDERSLEEVE, JJ.

*Douglas A. Levien, Jr.,* for plaintiff.   *William H. Clark,* for defendants.

PER CURIAM. We are disposed to apply the reasoning in *Meyer v. Mayor, etc.,* 14 Daly, 395, and *Denair v. City of Brooklyn,* (City Ct. Brook.) 5 N. Y. Supp. 835, to the facts of this case. The intent of the legislature must be sought, and governs. The act of 1886, and surrounding circumstances, cause

the opinion that it was not the legislative intent that a notice of intention other than such as is conveyed by the service of a summons and complaint should be required to be filed in cases where the action is brought within six months of the time when the cause of action accrued. *Reining* v. *City of Buffalo*, 102 N. Y. 308, 6 N. E. Rep. 792, and *Babcock* v. *Mayor, etc.*, (Sup.) 9 N. Y. Supp. 368, are distinguishable from the present case. In the *Babcock Case* the action was commenced more than six months after the accident happened. Plaintiff's exceptions should be sustained, the order of dismissal vacated, and a new trial ordered, with costs to abide the event. All concur.