### BAUER v. CITY OF BUFFALO.

*(Supreme Court, General Term, Fifth Department. March, 1892.)*

MUNICIPAL CORPORATIONS—ACTIONS AGAINST—NOTICE OF INTENT TO SUE.

Under Laws 1886, c. 572, which provides that no action against a city of this state having 50,000 inhabitants or over, for damages for personal injuries alleged to have been sustained by reason of the negligence of such city, shall be maintained, unless notice of the intention to commence such action, and of the time and place at which the injuries were received, shall have been filed with the counsel to the corporation, or other proper law officer thereof, within six months after such cause of action shall have accrued, such notice of an intention to sue is a prerequisite to the right to maintain the action, though it was commenced within six months after cause of action arose. *Meyer* v. *Mayor, etc.*, 14 Daly, 395; *Duff* v. *Mayor, etc.*, (Super. N. Y.) 15 N. Y. Supp. 863,—*contra.*

Appeal from special term, Erie county.

Action by Theresa Bauer, administratrix, etc., of Lorenz Bauer, deceased, against the city of Buffalo for damages for negligent killing of plaintiff's intestate. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*W. F. Mackey*, for appellant. *Moses Shire*, for respondent.

LEWIS, J. This action was brought to recover damages sustained by the death of Lorenz Bauer, caused by the alleged negligence of the defendant. The evidence tended to show that the deceased's death was caused by the defective condition of one of the streets of the city of Buffalo. There was sufficient evidence to justify the jury in finding that the defendant's negligence caused the injuries, and that Bauer was free from negligence contributing thereto. The principal contention arises under chapter 572 of the Laws of 1886, which provides that no action against a city of this state, having 50,000 inhabitants or over, for damages for personal injuries alleged to have been sustained by reason of the negligence of such city, shall be maintained, unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of the intention to commence such action, and of the time and place at which the injuries were received, shall have been filed with the counsel to the corporation, or other proper law officer thereof, within six months after such cause of action shall have accrued. The notice required by this act was not served, but the action was commenced within six months from the time it accrued. The city charter provides that all claims against the city for wrong or injury must be presented to the common council within six months after the wrong or injury accrued, and that no action or proceeding to enforce or recover such claim against the city shall be brought until the expiration of 40 days after such presentation. This provision of the charter was complied with. It is the contention of the plaintiff that the act of 1886 has no application to this action, as it was commenced within the six months following the death of Bauer. This construction had been given to this act before the trial of this case at the circuit by the general term of the common pleas of New York in

the case of *Meyer* v. *Mayor, etc.*, 14 Daly, 395, and also in the case of *Duff* v. *Mayor, etc.*, 15 N. Y. Supp. 863, decided by the general term of the superior court of New York. According to the letter of this statute, the service of the notice of an intention to commence the action is made a prerequisite to its maintenance, without reference to whether the action shall have been commenced within six months from the time of the accident. One purpose of the act evidently is that the law officer shall have early information that an action is to be commenced, to the end that he may investigate the facts while they are fresh in the minds of the witnesses, and it may answer a useful purpose where the commencement of the action is delayed till near the close of the year; but, where the action is commenced within the six months, the commencement of the action would seem to fully answer this purpose, for it would give the city all the information the notice would give. Had the act provided for some definite adequate time to elapse between the service of the notice and the commencement of the action, that would have afforded an opportunity to settle the claim, if desired, and thereby save the costs of the action; but the statute fails to make such provision. The letter of the law is complied with when the commencement of the action immediately follows the service of the notice. The draughtsman did not display much wisdom in preparing the act. It does, however, provide that the action shall not be maintained unless the notice shall have been served. It was held by the city court of Brooklyn in the case of *Merz* v. *City of Brooklyn*, reported in 11 N. Y. Supp. 778, where the facts were precisely like the facts here, and where this precise question was presented, that the law of 1886 applied. The *Merz Case* was affirmed by the court of appeals without any opinion. 128 N. Y. 617, 28 N. E. Rep. 253. This question was raised and discussed in the appellant's brief in the court of appeals. The decision in the *Merz Case* is decisive of this case, and it therefore follows that the judgment and order appealed from should be reversed, and a new trial granted, with costs to abide the event. All concur.