ANN ARTHUR, as Administratrix of MICHAEL ARTHUR, Deceased, Appellant, *v.* THE VILLAGE OF GLENS FALLS, Respondent.

*Villages — action for negligence — notice of the claim and the presentation required by statute must be alleged in the complaint — when a bill is not private or local.*

Ann Arthur brought an action against a village, incorporated under the general village act (chap. 291 of the Laws of 1870), to recover the damages resulting from the death of her husband, which was caused, as alleged, by the negligence of the village. The said act, as amended in 1889, forbids such an action unless it is begun within two years after the claim has accrued, and unless it has been presented, and notice of the time and place at which the injuries were received has been filed with the village clerk or presented to the board of trustees within one year after the cause of action has accrued.

The action in question was begun November 9, 1889, and the complaint alleged that the accident occurred upon August 8, 1889, but contained no allegation that the claim had been presented, or notice filed or presented, to the village, as required by the statute.

On the trial the complaint was dismissed upon the ground that it did not, because of this omission, state a cause of action.

Upon an appeal by the plaintiff from the judgment dismissing the complaint,

*Held,* that the complaint was properly dismissed.

That a compliance with the statute must be alleged in the complaint.

That the statute must be construed to mean that if an action was brought within one year from the time of the injury the complaint must allege presentation and notice; while if commenced more than a year after the injury a presentation and notice within one year of its occurrence must be alleged.

That a bill which embraced all those villages of the State which elect to take advantage of its provisions is not a private nor a local bill.

APPEAL by the plaintiff Ann Arthur, as administratrix of Michael Arthur, deceased, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Warren on the 28th day of October, 1891, dismissing the plaintiff's complaint, after a trial at the Warren Circuit before the court which denied a motion to draw a jury; with notice of an intention to bring up for review upon such appeal the refusal of the court to permit the plaintiff to introduce certain evidence.

The action was begun November 9, 1889, and the complaint alleged that the accident to recover the damages resulting from which the action was brought occurred August 8, 1889.

*D. S. Potter*, for the appellant.

*H. P. King*, for the respondent.

PUTNAM, J.:

This action was brought by plaintiff, as administratrix of her deceased husband, to recover damages for his death, which the complaint alleged was caused by a negligent act on the part of the respondent.

The village of Glen Falls is organized under the general village act. Section 9, title 3 of said act was amended by chapter 440, Laws of 1889. The title of the amended act, and the section, as amended, is as follows: " An act to amend section 9 of title 3 of chapter 291 of the Laws of 1870, entitled ' An act for the incorporation of villages.' "

" No action shall be maintained against the village for damages for personal injuries or injury to property alleged to have been sustained by reason of the negligence of the village, or of any officer, agent or employee thereof, unless the same shall be commenced within two years after the cause of action therefor shall have accrued, nor unless the claim shall have been presented and notice of the time and place at which such injuries were received shall have been filed with the village clerk or duly presented to the board of trustees within one year after such cause of action shall have accrued."

There was no allegation in the complaint that the claim had been presented to the board of trustees, or filed with the village clerk, or that the notice required by the act had been served. On the trial defendant's counsel moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The court granted the motion, plaintiff's counsel excepting. Counsel for plaintiff stated that they could prove that upon the service of a summons and complaint within a year from the accruing of the cause of action the board of trustees of the village was convened, the complaint read to them and considered, and by them referred to the village attorney, who was authorized to defend, and has put in a defense, which facts are now offered to be proved.

Defendant objected to the offer, and the court refused to permit the plaintiff to make the proof, plaintiff excepting.

The question is presented whether, under the act of 1889, if the action is commenced within a year from the time of the injury, it is necessary to present the claim therefor and serve notice of the time and place of the accident before the action is commenced, and to allege such presentation and notice in the complaint.

I think the view of the statute taken by the trial judge was correct. The language of the act requires the construction he placed upon it. That "no action shall be commenced * * * unless the claim shall have been presented," etc., means that the presentation, etc., must precede the action. Section 9 (*supra*) seems so to read. It should be construed to mean that if an action is brought within a year from the injury, the complaint must allege presentation and notice. If commenced more than a year after the accruing of the cause of action, a presentation and notice within a year must be stated in the pleading. This construction of the act is the only reasonable one.

Actions against municipal corporations are generally brought for some negligent act of subordinate officers or servants of the municipality committed without the knowledge of the governing authorities. The object of the act is presumably to require the presentation of a claim and a notice of the time and place of the injury complained of, within a reasonable time after its occurrence and before the commencement of an action, so that the corporate authorities can examine into the circumstances and adjust the claim, if desired, and thus prevent the making of unnecessary costs. The construction placed upon the act by the appellant would render that part relating to the presentation of claims and notice of the time and place of the injury, to a great extent, meaningless.

These views are sustained in *Bauer* v. *The City of Buffalo* (44 N. Y. St. Rep., 814), and *Mertz* v. *The City of Brooklyn*, 33 id., 577). The last case was affirmed by the Court of Appeals (128 N. Y., 617). These cases construe chapter 572 of the Laws of 1886, which requires notice of intention to commence an action, and of the time and place of the injury, to be filed within six months from the time of the accruing of the cause of action. In each of the cases cited the action was commenced within six months, and it was decided that it was necessary to file the notice required by the act prior to the commencement of the action, and to allege such filing in the complaint.

Although the notice required by the act of 1889 (*supra*) differs somewhat from that prescribed by the act of 1886, the language of both acts *as to the filing of the notice are* substantially alike. Both require a notice of the time and place at which the injury complained of was received to be filed in substantially the same language. I conclude, therefore, that the cases cited sustain the holding of the trial judge and lead to the conclusion that, under section 9 of chapter 440 of the Laws of 1889, the presentation of the claim and the filing of the notice of the time and place at which the injuries were received must precede the commencement of the action, although the action is commenced within a year from the date of such injuries.

The appellant insists that chapter 440 (*supra*) is a "local bill," and hence violative of the constitutional provision that "no private or local bill which may be passed by the legislature shall embrace more than one subject and that shall be expressed in the title."

The answer to this position is that the act in question is not a local or private bill. It applies to the whole State. The cases cited by counsel for appellant show quite clearly the distinction between a local or private bill and a general act, and do not sustain his contention. (*People* v. *The Supervisors of Chautauqua County,* 43 N. Y., 10; *Ferguson* v. *Ross,* 126 id., 459–464.)

In the latter case, in the opinion, the following language is used: "Another rule evolved by the discussion of the subject is that an act embracing within its scope *all the cities of the State or all things of a certain class* is a general and not a local act."

So a bill that embraces *all the villages of the State,* which elect to take advantage of its provisions is a general and not a local act.

The judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.