CHARLES O. OLMSTEAD, Appellant, *v.* TOWN OF POUND RIDGE, Respondent.

*Action against a town — allegation as to the presentation of the claim — Laws of 1890, chapter 568, section 16.*

In an action against a town, brought to recover damages for an accident alleged to have occurred by reason of the neglect of the highway commissioners of the town to keep a highway therein in proper repair, the complaint must show that the claim for such damages was served upon the supervisor of the town within six months after the cause of action had accrued, and that fifteen days had elapsed after the claim was so presented before the action was commenced. An omission to allege these facts is a defect that can be taken advantage of at any stage of the action.

APPEAL by the plaintiff, Charles O. Olmstead, from an order dismissing the plaintiff's complaint, and from the judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Westchester on the 28th day of March, 1893.

This action was commenced by the service of a summons and complaint on the supervisor of the town of Pound Ridge on the 1st of December, 1892. The complaint alleged that the town of Pound Ridge was a municipal corporation; that it is made the duty of its commissioners of highways to keep the highways and bridges in said town in good order; that on the 25th of March, 1892, while plain-

tiff was driving over a bridge subject to the jurisdiction of said highway commissioners, by reason of the poor repair of the said bridge, plaintiff's horse's foot slipped through a hole in such bridge, and the horse was permanently injured, and rendered almost of no value.

The defendant, by its answer served on the 11th day of January, 1893, admitted that it was a municipal corporation, and denied the other allegations of the complaint.

The action was brought on for trial before the court and a jury at the Westchester Circuit on the 17th day of March, 1893. The defendant's counsel then moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action, in that it did not show that plaintiff had presented to the supervisor of the town, within six months after the alleged accident, a duly verified statement of his claim against the said town. The motion was granted and the complaint dismissed.

*Charles Haines,* for the appellant.

*Smith Lent,* for the respondent.

BARNARD, P. J.:

The complaint is framed to recover damages for a neglect to keep a highway in the town of Pound Ridge in proper repair by the commissioners of highways of the town. The accident is alleged to have occurred by the neglect of the commissioners, and without any neglect upon plaintiff's part, on the 25th of March, 1892. The complaint contains no averment that the claim was served upon the supervisor of the town within six months after the cause of action accrued, nor that fifteen days had elapsed after the claim was so presented before the action was commenced, according to the requirement of section 16, chapter 568, Laws of 1890. The complaint was dismissed for this defect at the opening of the trial. The law in question simply imposed a condition which affected the remedy, and is subject to no objection. (*Morse* v. *Goold,* 11 N. Y. 281; *Matter of Palmer,* 40 id. 561.)

It was necessary to aver the performance of the conditions presented in the complaint. This defect in the complaint can be raised

at any stage of the action. (*Reining* v. *The City of Buffalo, etc.*, 102 N. Y. 308.)

The judgment should be affirmed, with costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.