WILLIAM W. RIDER, Respondent, *v.* THE CITY OF MOUNT VERNON and Another, Appellants.

*Mount Vernon — personal injuries from obstructions in a street — presentation of a claim therefor — liability of the creator of the obstruction — legislative control over municipal liability — reversal by the General Term of a judgment as to one of two defendants.*

It is essential to the maintenance of an action, brought against the city of Mount Vernon to recover damages for personal injuries sustained by the plaintiff by reason of an alleged obstruction in a street of that city, to prove that the provision of the charter of such city to the effect that all claims against the city for such injuries should be presented to its common council within a specified time, and that the failure to do so should be a bar to any claim or action thereon, has been complied with; the failure to serve a claim for such injuries upon the common council of such city within the specified time is fatal to the plaintiff's right of recovery against it.

There is no provision of the Constitution of the State of New York which requires that laws shall be uniform in their operation throughout the State; the whole matter of municipal liability is subject to legislative control.

The Legislature may prohibit all actions against municipalities to recover damages for personal injuries sustained by reason of obstructions in the streets of a municipality, and it may impose such conditions precedent to the maintenance of such actions as it sees fit, and may prescribe one limitation for certain cities and another period for others.

The failure to serve such claim for injuries is not, however, available as a defense to a defendant who created the obstruction.

The General Term of the Supreme Court has the power in a proper case to sustain a judgment as to one of two defendants against whom it was recovered, and reverse it as to the other defendant.

APPEAL by the defendants, The City of Mount Vernon and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 29th day of December, 1894, upon the verdict of a jury rendered after a trial at the Westchester Circuit; also an appeal by the defendant The City of Mount Vernon from an order entered in said clerk's office on the 27th day of December, 1894, denying its motion for a new trial made upon the minutes; also an appeal by the defendant John Borgwald from an order entered in said clerk's office on the 20th day of December, 1894, denying his motion for a new trial made upon the minutes.

*David Swits*, for the appellant the City of Mount Vernon.

*Isaac N. Mills*, for the appellant Borgwald.

*William M. Safford*, for the respondent.

BROWN, P. J.:

The plaintiff was injured by the upsettting of his wagon while driving on one of the public streets of the city of Mount Vernon on the night of August 6, 1893.

The accident was caused by driving upon a heap of sand which had been deposited in the street by the defendant Borgwald, who, as a contractor, was erecting a building upon land adjoining the street.

The testimony was ample to establish the negligence of the defendants and the freedom from negligence of the plaintiff.

The charter of the city (Chap. 182, Laws of 1892, § 164) provides as follows: "All claims against the city for injuries to the person or property claimed to have been caused or sustained by defects, want of repair or obstructions from snow or ice or other causes in the highways, streets, sidewalks or crosswalks of the city, shall be presented to the common council in writing within three months after the said injury is received. Such writing shall describe the time, place, cause and extent of the injury so far as then practicable, verified by the oath of the claimant, if practicable or otherwise; if not, the omission to present said claim as aforesaid within three months shall be a bar to any claim or action therefor against the city, and no action shall be commenced against said city on such claim until after two months from the presentation of said claim."

The plaintiff's injury was received on August 6, 1893, but the claim against the city was not presented to the common council until November twenty-first. It bore date and was acknowledged on November thirteenth and was delivered to the city clerk on November fifteenth.

The counsel for the city seasonably moved to dismiss the complaint on the ground that the claim was not presented within three months after the injury was received, which motion was denied, to which ruling exception was duly taken.

It was essential to the maintenance of the action against the city to prove that the provision of the charter which I have quoted had been complied with, and the failure to serve the claim upon the common council within three months after the injury was received was fatal to the plaintiff's case. (*Olmstead* v. *Town of Pound Ridge,* 71 Hun, 25; *Curry* v. *City of Buffalo,* 135 N. Y. 366.)

The contention of the respondent, that a statute of limitation must be uniform throughout the State and can only be established by a general act of the Legislature, has no support in the Constitution or the decisions of the courts.

There is no provision of our State Constitution which requires that laws shall be uniform in their operation throughout the State, and the whole matter of municipal liability is subject to legislative control. The Legislature may prohibit all actions of this character against municipalities, and it may impose such conditions precedent to the maintenance of such actions as it sees fit. And it may prescribe one limitation for one city and another period for others. (*Curry* v. *City of Buffalo, supra.*)

It was error, therefore, to deny the motion to dismiss the complaint against the city, and the exception to that ruling must be sustained.

The failure to serve the claim for injuries upon the common council of the city is not, however, available as a defense to the defendant Borgwald. The liability of this defendant was not alone a joint liability, but a several one. All who caused the injury were liable, and could be sued separately or all could be joined in one suit. The jury could have found a verdict against one defendant and acquitted the other, and the court could have dismissed the action against the city and retained it against Borgwald. In fact, as originally brought, the action was also against the owner of the property upon which the building was being erected, and was dismissed as against him upon the trial, but that fact did not affect the right of the plaintiff to proceed with the action against the other defendants. This court has the same power as the trial court, and we may sustain the judgment as to one defendant and reverse it as to the other.

We have examined the exceptions taken by the defendant Borgwald, but find none that affect the validity of the judgment against him.

The judgment against the city of Mount Vernon and the order denying the motion for a new trial as to such defendant must be reversed and the complaint dismissed, with costs.

The judgment and order against the defendant Borgwald must be affirmed, with costs.

CULLEN and DYKMAN, JJ., concurred.

Judgment against the city of Mount Vernon and the order denying such defendant's motion for a new trial is reversed, and the complaint dismissed, with costs. The judgment and order against the defendant Borgwald is affirmed, with costs.