BRIGHAM N. THRALL, Respondent, *v.* CUBA VILLAGE, Appellant.

*Complaint in an action against a village for personal injuries — it must allege that thirty days have intervened between the presentation of the claim and the bringing of the suit — the pleadings will not be examined to ascertain that fact — complaint not amended on appeal where no application is made therefor below — objection that a complaint does not state a cause of action.*

Section 322 of the Village Law (Laws of 1897, chap. 414) provides: " no action shall be maintained against the village for damages for the personal injury * * * alleged to have been sustained by reason of the negligence of the village * * * unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless " a written verified statement of the claim " shall have been filed with the village clerk within six months after the cause of action shall have accrued," and then continues: "An action on such a claim shall not be commenced until the expiration of thirty days after it is presented."

*Held,* that the provision of the section last quoted constitutes a condition precedent, compliance with which must be pleaded and proved;

That a complaint in an action governed by this section which does not allege compliance with such condition precedent is fatally defective, although it alleges compliance with the other provisions of the section;

That the court would not examine the summons, complaint and answer, for the purpose of ascertaining, by an analysis of dates, whether such condition precedent had actually been performed;

That no application for an amendment of the complaint having been made to the trial judge, although the question of the sufficiency of the complaint was seasonably raised, the Appellate Division would not exercise its power to amend the complaint in order to sustain a judgment in favor of the plaintiff.

The objection that a complaint does not state a cause of action need not be taken by demurrer, but may be interposed at any time.

McLENNAN, P. J., dissented.

APPEAL by the defendant, Cuba Village, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Allegany on the 19th day of September, 1902, upon the verdict of a jury for $1,500, and also from an order entered in said clerk's office on the 16th day of June, 1902, denying the defendant's motion for a new trial made upon the minutes.

*J. C. Leggett*, for the appellant.

*Stanley C. Swift*, for the respondent.

SPRING, J.:

The plaintiff was injured by falling upon a defective sidewalk in the village of Cuba. The negligence of the defendant and the freedom from contributory negligence of the plaintiff were questions of fact decided by the jury, and we are not inclined to interfere with their verdict on the questions submitted to them.

Section 322 of the Village Law (Laws of 1897, chap. 414) provides that "no action shall be maintained against the village for damages for a personal injury * * * alleged to have been sustained by reason of the negligence of the village * * * unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless" a written verified statement of the claim "shall have been filed with the village clerk within six months after the cause of action shall have accrued," and then continues: "An action on such a claim shall not be commenced until the expiration of thirty days after it is presented." The complaint, by appropriate allegations, set out the filing of such statement and that one year had not elapsed since the cause of action accrued, but it contains no averment that thirty days intervened the presentation of the claim and the commencement of the action. Is this requirement a condition precedent? If so, it must be alleged and proved.

(*Reining* v. *City of Buffalo*, 102 N. Y. 308 ; *Howland* v. *Edmonds*, 24 id. 307 ; 4 Ency. Pl. & Pr. 628.)

The Legislature, for the protection of villages and to give an opportunity for the investigation of alleged claims against them, has made certain preliminaries prerequisite to the maintenance of an action on any such claim. One is the due presentation or filing of the claim with the proper officer. Another is the commencement of the action within one year after the cause of action has ripened, and still another that thirty days must expire after the filing of the claim before the action may be commenced. These are steps in the procedure imposed upon the claimant, deemed to be salutary for the security of the village against any demand for personal injuries, in order that a proper examination of the facts composing the claim may be had.

The due presentation of the claim is no more essential as a precedent step to the maintenance of the action than the lapse of thirty days thereafter. The one informs the proper authorities of the existence of the claim ; the other furnishes it the opportunity to adjust it, ascertain whether valid or fictitious ; whether open to defense, and, in fact, to give whatever investigation may be deemed advisable. Each requirement must have been met before the plaintiff may commence his action at all. They are at the threshold of the maintenance of his action. The omission to fulfill any one of them bars an attempt to enforce his demand. In the *Reining Case* (*supra*) there was up for review a provision of the charter of the city of Buffalo closely analogous to the one in the Village Law and reading as follows :

" No action or proceeding to recover or enforce any such claim against the city shall be brought until the expiration of forty days after the claim shall have been presented to the common council for audit in the manner and form aforesaid." There was no allegation in the complaint covering this requirement and the city demurred. The Court of Appeals decided the demurrer was well taken. The court held that this prohibition was not a defense, " but expressly forbids the institution of any suit until the preliminary requirements have been complied with." The court further say : " It is not in such a case necessary that the thing required should constitute one of the elements of a common-law action, for if the Legislature have made

even a step in their remedy a condition of its prosecution it is essential not only that it should be taken, but that it should be affirmatively alleged and proved by the plaintiff. * * * It is immaterial whether a condition be imposed in the statute giving a right of action or be provided by contract, or exists by force of some principle of common or statute law, the complaint must by the settled rules of pleading state every fact essential to the cause of action as well as those necessary to give the court jurisdiction to entertain the particular proceeding." To the same effect are *Curry* v. *City of Buffalo* (135 N. Y. 366); *Olmstead* v. *Town of Pound Ridge* (71 Hun, 25); *Arthur* v. *Village of Glens Falls* (66 id. 136); *Porter* v. *Kingsbury* (5 id. 597; affd., 71 N. Y. 588).

The counsel for the respondent relies upon *Westcott* v. *Fargo* (61 N. Y. 542). That action was brought to recover of the defendant, as president of an express company, the value of a package of furs belonging to the plaintiff and claimed to have been lost while in the custody of the defendant who had undertaken to transport it from New York to the plaintiff at Utica. The receipt or contract delivered to the consignor concurrently with the delivery of the goods contained this clause: " This company will not be liable for any loss or damage, unless the claim therefor shall be made in writing, within thirty days from the accruing of the cause of action, in a statement to which this receipt shall be annexed." There was no compliance with this stipulation in the contract. The court held it was not a condition precedent but "in the nature of a statute of limitations and should have been set up in the answer." That was an action authorized by the common law to recover for property of the plaintiff which the defendant had failed to deliver in compliance with its agreement. The limiting stipulation was an attempt to restrict the liability of the defendant and, hence, is distinguishable from cases against a municipality for negligence. In the latter class of cases the right to recover at all is derived from the Legislature which surrounds the cause of action with certain features whichmust precede the commencement of the action. As was said in *Curry* v. *City of Buffalo, supra*, at p. 370): " The whole matter of the maintenance of this class of actions was within the control of the Legislature. It could refuse a right of action against municipalities for such injuries, and it could impose

any conditions precedent to the maintenance of such actions. It could require notice of the intention to commence them to be served both upon the common council and upon the corporation counsel, and an act requiring the one notice would not be inconsistent with an act requiring the other. Here the Legislature required the presentation of the claim to the common council for its action thereon, and the notice to the corporation counsel for his information, and to govern and influence his official conduct. These actions against cities are numerous, and the Legislature seems to have been solicitous to protect them so far as possible against unjust or excessive claims, and also against the improvident or collusive allowance of such claims by municipal officers."

Again, as was noted in the opinion in the *Westcott* case, by the clause in the contract of the express company the thirty days' limitation was from the date of the accruing of the cause of action. This implied that a cause of action had fully matured and that the claim for it must be presented within the stipulated period. In the section quoted from the Village Law governing the commencement of actions against a village the lapse of the thirty days is one of the essential preliminaries to the cause of action. This defect in the complaint was made the ground of a motion for its dismissal at the commencement of the trial which was denied. The question was again raised upon the motion for a nonsuit, and also after all the evidence was in with like result. When the plaintiff endeavored to prove the date of filing the claim objection was interposed upon the ground among others that the complaint did not allege that thirty days elapsed between its filing and the commencement of the action, but the objection was overruled and the proof taken. A like objection was raised to showing the date of the commencement of the action. With the question thus frequently presented the plaintiff elected to proceed without procuring an amendment to his complaint.

It is suggested that by an examination of the summons, complaint and answer the court below might have ascertained that the required period had expired before the suit was commenced. These papers would not inform the court when the action was commenced nor did they show the time when the injury was sustained. These were facts to be proven. The question here is as to the sufficiency of the complaint viewed as of the time of the commencement of the trial.

We are not to indulge in speculation or an analysis of the evidence received under objection for the purpose of curing the defective complaint.

It is also urged that the court below might have amended the complaint. It is sufficient answer to say that no such amendment was, in fact, made and none was asked for. It would be quite an extraordinary exercise of our discretion to amend the complaint now and inject into it this essential allegation after the plaintiff had elected to go on with his action and when he is still insisting his complaint is sufficient. The complaint did not state a cause of action and it was not necessary for the defendant to demur, but advantage could be taken of the omission at any time. (*Pope v. Terre Haute Car & Mfg. Co.*, 107 N. Y. 61.)

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

All concurred, except McLENNAN, P. J., who dissented in memorandum.

McLENNAN, P. J. (dissenting):

The sole ground suggested in the prevailing opinion upon which the judgment and order appealed from should be reversed is, that the trial court erred in refusing to dismiss the complaint at the opening of the trial, because it was not alleged therein that thirty days had elapsed before the bringing of the action and after the service upon the village clerk of a notice of plaintiff's claim.

It was alleged in the complaint in express terms that the accident occurred on the 25th day of October, 1900; that the notice was served upon the village clerk within six months after the time of the accident, and that the action was brought within one year from that time.

If the date of the commencement of the action had been stated in the complaint, to wit, July 3, 1901, concededly the allegation would have been sufficient. The summons was dated July 2, 1901; the complaint was verified on that day, and the answer was verified on the twentieth day of the same month. It seems to me that with the pleadings before the court, which disclosed those dates, it was permissible for the trial court to take judicial notice of the fact that the action was commenced between the 2d day of July, 1901, the

date of the verification of the complaint, and the 20th day of July, 1901, the date of the verification of the answer; and if it was competent for the court to take cognizance of those facts, then the motion to dismiss the complaint was properly denied.

As we have seen, it was alleged that the accident occurred on the 25th day of October, 1900, and that the notice required by the statute was served within six months from that time; therefore it was served not later than the 25th day of April, 1901. The action having been commenced in July, 1901, as appears by the summons, complaint and answer, which were before the court, it is clear that the thirty days mentioned in the statute had elapsed after the service of such notice and before the commencement of the action. The plaintiff proved before he rested his case that the action was actually commenced on the 3d day of July, 1901, and the defendant gave no evidence to contradict the fact. We think it is not essential that there should be an allegation in the complaint to the effect that the action was commenced at a particular time, when the fact, as we have seen, clearly and distinctly appeared by the pleadings in the case. At most, the court should have required an amendment of the complaint, and its failure to do so, if that was necessary, was merely an irregularity which was in no manner prejudicial to the defendant, and, therefore, should not be regarded as sufficient cause for the reversal of the judgment and order appealed from.

In 1 Encyclopædia of Pleading and Practice (p. 581) the rule is stated as follows: "An amendment to conform to the proof is usually made after the evidence is closed; but it may be made after the argument of counsel, or after verdict or judgment, but only for the purpose of sustaining the judgment, not to reverse it; or in the appellate court the amendment may be regarded as made."

In *Harris* v. *Tumbridge* (83 N. Y. 92) Judge FINCH, writing the opinion of the court (at p. 97), said: " * * * In that respect the complaint was amended by the General Term so as to make it correspond with the actual facts of the contract as developed by the evidence. The power of the court to make such amendment is conceded in a proper case, but claimed to have been improperly exercised in this. Practically, the only limitation upon the right to amend the pleadings is that a new cause of action must not be introduced. (Code of Civ. Pro. § 723; *Reeder* v. *Sayre*, 70 N. Y. 180.)

The amendment did not effect such a result. The cause of action for negligence and want of skill in the performance by the defendant of his duty as agent remained unchanged. A misstatement of the details of the contract was all that was changed, and it was stricken out from the pleading as unnecessary to the cause of action stated, and to some extent inconsistent with it. If the order granting the amendment is reviewable on this appeal, which admits of question, we see no reason to doubt its correctness and propriety."·

In *Reeder* v. *Sayre* (70 N. Y. 181) the head note is as follows: "Also, held, that the complaint should have been amended by averring the character or rights in which the surviving plaintiffs continued the action, *i. e.*, as survivors; but that as this amendment could have been made on the trial, it could be done here *nunc pro tunc.*"

In *Gunter* v. *Catlin* (11 N. Y. Leg. Obs. 209), cited with approval in *Clark* v. *Dales* (20 Barb. 67), it was said: "We have now indeed a large discretion in amending pleadings, so as to conform them to the facts of the case as disclosed by the evidence, and we have not unfrequently exercised this power at a General Term, even when no motion to amend had been made upon the trial."

In *Pratt* v. *Hudson River R. R. Co.* (21 N. Y. 305) the head note is as follows: "The complaint counting upon the offer and acceptance, without any reference to the provision for a written contract, the variance is merely formal, and this court will conform the pleadings to the proof to sustain a judgment for the plaintiff."

Many other cases might be cited in support of the proposition that, for the purpose of sustaining a judgment, it is the duty of the appellate court to regard a pleading as amended so as to conform to the proofs where the variance is merely formal.

The judgment and order should be affirmed, with costs.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event, upon questions of law only, the facts having been examined and no error found therein.