ELVIRA J. BABCOCK, APPELLANT, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, RESPONDENT.

*Notice of claim to be served on the comptroller of the city of New York under chapter 572 of 1886 — a notice, served in compliance with section 123 of chapter 410 of 1882, is insufficient.*

In an action to recover for injuries alleged to have been sustained by the plaintiff by falling upon one of the sidewalks in the city of New York, the complaint alleged that on the 30th day of April, 1888, the plaintiff presented, in writing, to the comptroller the claim upon which the action was brought, and that more than three months had elapsed since said presentation, and that the comptroller had failed and neglected to pay the same; that the city of New York had a population of over 50,000; that the plaintiff had served on the comptroller thereof a notice that she claimed $5,000, because of the facts alleged in the complaint, and that the claim was presented in pursuance of section 123 of chapter 410 of the Laws of 1882.

It appeared that the comptroller transmitted this notice to the corporation counsel requesting that he make an examination of the claim as provided by section 123 of said act.

Upon the trial, a motion was made to dismiss the complaint, because of want of compliance with the requirements of chapter 572 of the Laws of 1886, which was granted.

*Held,* that the notice served was insufficient:

*First.* As it expressly stated that it was served pursuant to the requirements of the act of 1882, which required a different notice from that required by the act of 1886.

*Second.* As it appeared that, although the notice came into the possession of the corporation counsel, yet it came there only for the particular purpose of an examination under section 123 of the act of 1882.

*Third.* That the act of 1886 required a notice of intention to commence an action for the injuries received.

APPEAL by the plaintiff from a judgment, entered in the office of the clerk of the county of New York on the 24th day of January, 1890, in favor of the defendant, dismissing the plaintiff's complaint.

*James M. Hunt,* for the appellant.

*William H. Clark,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover for injuries alleged to have been sustained by the plaintiff in falling upon one of the sidewalks in the city of New York because of certain snow and ice alleged to have been permitted by the defendants to accumulate thereon.

The complaint also alleged that on the 30th of April, 1888, she presented in writing to the comptroller the claim upon which this action was brought, and that more than three months had elapsed since said presentation, and the comptroller had failed and neglected to pay the same.

The complaint also alleged that the city of New York has a population of over 50,000, and that the plaintiff served on the comptroller of the city of New York a notice to the effect that she claimed against the city of New York $5,000 because of the facts alleged in the complaint, and that the claim was presented to him in pursuance of the requirements of section 123 of chapter 410 of the Laws of 1882. This notice the comptroller transmitted to the corporation counsel with a note stating that the claim had been filed in his department and requesting him to detail one of his assistants to conduct such an examination of the claim as is provided by section 123 of the consolidation act.

On the 3d of May, 1888, the plaintiff served an amended notice of the claim demanding $10,000 damages instead of $5,000. This notice was also transmitted by the comptroller to the corporation counsel with a like request.

On the 17th of April, 1888, the comptroller served a notice upon the plaintiff requiring her to appear before him at the office of the corporation counsel to answer orally as to any facts relative to the justice of her claim, such notice being given pursuant to section 123 of the consolidation act.

Upon the action coming to trial a motion was made to dismiss the complaint because there was no compliance with the requirements of chapter 572 of the Laws of 1886, which provides that no action against any city having a population of over 50,000, for personal injury sustained by the negligence of such corporation, shall be maintained unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of the intention to commence such action, and of the time and place at which the injuries were received, shall have been filed with the counsel to the corporation within six months after the cause of action shall have accrued. This motion was granted, and from the judgment thereupon entered this appeal is taken.

It is urged, upon the part of the appellant, that there is nothing in the act of 1886 which prevents compliance with the provisions of both acts by a single notice, provided it be sufficiently full and is both presented to the comptroller and filed with the counsel to the corporation; and it is urged that as the act does not specify who shall do the filing, if the comptroller files the claim in the office of the corporation counsel, the provisions of the act are complied with. But the difficulty with this position of the plaintiff is that she did not pretend to comply with the requirements of the act of 1886 by the notice served on the comptroller. It is expressly stated that the notice is served pursuant to the requirements of the consolidation act, which is entirely different from the notice to be filed with the corporation counsel under the act of 1886. And it further appears that although the notice came into the possession of the corporation counsel yet it came for a particular purpose, namely, that the comptroller might exercise the power, conferred upon him by section 123, of examining the claimant in regard to the justice of her claim; and it was for the purpose of carrying on these proceedings that the corporation counsel was notified and was acting as the agent of the comptroller in conducting the examination. There was no attempt upon the part of the plaintiff to comply with

the provisions of the act of 1886, and simply because the notice happened to come into the possession of the corporation counsel it cannot be claimed that there was any compliance with the act of 1886. And it may further be said, with justice, that the act of 1886 required a notice of an intention to commence an action for the injuries received. The notice served on the comptroller, and which came into the possession of the corporation counsel, contains no reference whatever to the commencement of an action. It is simply the presentation of a claim. Whether there was an intention to commence an action for the recovery of the amount claimed is in no wise expressed in the notice, and it cannot be successfully maintained that if a notice was served upon the corporation counsel simply that a person had a claim against the city, it is a compliance with the plain provisions of the statute that notice of the intention to commence an action must be contained in the notice served upon the corporation counsel.

Upon the whole case, therefore, it seems apparent that the judgment of the court below was right and should be affirmed, with costs.

Brady and Daniels, JJ., concurred.

Judgment affirmed, with costs.