MARY CURRY, Appellant, *v.* THE CITY OF BUFFALO,
Respondent.

The act of 1886 (Chap. 572, Laws of 1886), requiring actions against "the
mayor, aldermen and commonalty of any city" having fifty thousand
inhabitants or over, for damages for personal injuries arising from its
alleged negligence, to be commenced within one year after the cause of
action accrued, and notice of the intention to commence such action and
of the time and place at which the injuries were received, to be filed
with the counsel to the corporation within six months after such cause
of action shall have accrued, is not limited to a city having as its cor-
porate name "the mayor, aldermen and commonalty," but applies to all
cities of the prescribed size, and is imperative.

The commencement of the action cannot be considered as such notice; as
the filing thereof is a condition precedent to its maintenance.

The whole matter of the maintenance of this class of actions is within
the control of the legislature.

The fact that a city charter requires that claims for such damages shall
be presented to the common council for its consideration does not excuse
a noncompliance with said act of 1886; the two requirements are not
inconsistent.

Where, therefore, in an action against the city of Buffalo to recover such
damages, a compliance with said act of 1886 was not shown, *held*, that
plaintiff was properly nonsuited; that a compliance with a provision of
the city charter as it stood at the time of the commencement of the
action, which was prior to its amendment in 1889 (§ 7, tit. 3, chap. 519,
Laws of 1870, as amended by § 8, chap. 479, Laws of 1886), did not
excuse the failure to give the notice required by said act of 1886.

Reported below, 57 Hun, 25.

(Argued June 14, 1892; decided October 11, 1892.)

APPEAL from judgment of the General Term of the Supreme
Court in the fifth judicial department, entered upon an order
made the first Tuesday of June, 1890, which denied a motion
for a new trial and affirmed a judgment in favor of defendant,
entered upon a decision of the court on trial at Circuit.

The nature of the action and the material facts are stated in
the opinion.

*Adelbert Moot* for appellant. The plaintiff is entitled to a
new trial, because chapter 572 of the Laws of 1886, does not
apply to Buffalo. (*M., etc., R. R. Co.* v. *Mayor, etc.*, 49 Hun,

126; *Mayor, etc.,* v. *Brady,* 115 N. Y. 599; *Weiler* v. *Nembach,* 114 id. 39; *Renning* v. *City of Buffalo,* 102 id. 308; *Dawson* v. *City of Troy,* 49 Hun, 322.) If we assume that chapter 572 of the Laws of 1886, did apply to the city of Buffalo, it had nevertheless, been repealed by implication so far as the city is concerned by chapter 318 of the Laws of 1889.) Again, if we assume that the act of 1886 does apply to the city of Buffalo, the plaintiff is still entitled to maintain her action. (Laws of 1870, chap. 519, § 7; *Renning* v. *City of Buffalo,* 102 N. Y. 308; *Duff* v. *Mayor, etc.,* 40 N. Y. S. R. 230; *Meyer* v. *Mayor, etc.,* 14 Daly, 395; 12 N. Y. S. R. 674; *Mertz* v. *Brooklyn,* 33 N. Y. S. R. 577; 128 N. Y. 617.)

*Philip Laing* for respondent. Chapter 572 of the Laws of 1886 applies to the city of Buffalo. (*Mertz* v. *City of Brooklyn,* 33 N. Y. S. R. 577; 128 N. Y. 617; *Dawson* v. *City of Troy,* 17 N. Y. S. R. 560; *Enaio* v. *City of Brooklyn,* 25 id. 114; *Curry* v. *City of Buffalo,* 57 Hun, 25.) The presentation of the claim, as required by the charter of the city to the common council, and the consideration of that claim by the corporation counsel, does not comply with chapter 572 of the Laws of 1886. (Laws of 1889, chap. 318; *Renning* v. *City of Buffalo,* 102 N. Y. 308; *Dawson* v. *City of Troy,* 17 N. Y. S. R. 56; *Curry* v. *City of Buffalo,* 57 Hun, 25; *Babcock* v. *Mayor, etc.,* 56 id. 196.) The court will take judicial notice of the population of Buffalo. (*Farley* v. *McConnell,* 7 Lans. 428.)

Earl, Ch. J. The plaintiff brought this action to recover damages for personal injuries received by her from falling upon a sidewalk in reference to which she charged the defendant with negligence. She was nonsuited at the trial solely upon the ground that she had not complied with section 1 of chapter 572 of the Laws of 1886, passed January fourth of that year, by giving the notice there required of her intention to commence the action.

She received her injuries on the 18th day of December,

1887, and on the twenty-ninth day of May thereafter she delivered to the city clerk and the comptroller a petition addressed to the common council in which she stated the nature of her injuries and when, where and how they were received ; that they were caused by the bad condition of a sidewalk negligently left by the city out of repair and in a dangerous condition, and that her damages were $5,000, and she prayed for an order for that sum. The presentation of her claim to the common council by her petition was a compliance with section 7, title 3, chapter 519 of the Laws of 1870, as amended by section eight, chapter 479 of the Laws of 1886, passed May twenty-seventh of that year, which section is as follows : "It (the common council) shall audit all claims against the city, but no unliquidated claims shall be received for audit unless made out in detail, specifying, if for labor or services, the time when, the place where, by whom and under whose direction and by what authority performed ; if for merchandise, material, or other articles furnished, the items thereof, by whom ordered, and when and to whom delivered ; and if for damages for wrong or injury, when, where and how occasioned ; nor unless accompanied by an affidavit that the claim and the items and the specifications thereof are in all respects just and correct, and that no payments have been made, and that no set-offs exist except those stated. No action or proceeding to recover or enforce any such claim against the city shall be brought until the expiration of forty days after the claim shall have been presented to the common council for audit in the manner and form aforesaid. The common council, before auditing any such claim, shall refer it to the auditor. If such claim shall not be made out or verified as above required, the common council may, within thirty days after its presentation, refuse on that ground to audit it. All actions brought against the city to recover damages for personal injuries caused by negligence, shall be commenced within one year from the time of receiving the injuries." The action was commenced July 23, 1888, and after that, section 7 was again amended, and re-enacted as amended, in chapter 318 of the Laws of 1889.

The amendment required claims for a wrong or injury to be presented within six months after the wrong or injury occurred. As the amendment was after the commencement of this action, it is in no way material to be now considered.

The purpose of section 7 was to regulate the powers and duties of the common council in the audit, allowance and payment of claims against the city, and the main features of the section, with more or less similarity, are found in the charters of many of the cities of this state. The provisions of that section are not inconsistent with the provisions of section 1, chapter 572 of the Laws of 1886, and both sections can stand together and have full operation. The provisions of section 7 are not in all city charters, and are not precisely the same in any of them, and hence section 1 was intended as a general provision applicable to all cities of the prescribed size. It is as follows :

" No action against the mayor, aldermen and commonalty of any city in this state having fifty thousand inhabitants or over, for damages for personal injuries, alleged to have been sustained by reason of the negligence of such mayor, aldermen and commonalty, or of any department, board, officer, agent or employee of said corporation, shall be maintained, unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of the intention to commence such action, and of the time and place at which the injuries were received, shall have been filed with the counsel to the corporation, or other proper law officer thereof, within six months after such cause of action shall have accrued."

The learned counsel for the plaintiff contends that this section applies only to the city of New York, as that is the only city whose corporate name is the " mayor, aldermen and commonalty." But it was clearly intended to apply to all cities of the prescribed size, and so it was held in *Mertz* v. *City of Brooklyn* (33 N. Y. St. Rep. 577), affirmed in this court in 128 N. Y. 617. The section is imperative. The action cannot be maintained unless notice of the intention to commence it, and

of the time and place of the injury "shall have been filed with the counsel to the corporation," and a failure to file the notice furnishes a defense to the action.   The filing of the notice is a condition precedent to the maintenance of the action.   (*Reining* v. *City of Buffalo*, 102 N. Y. 308; *Mertz* v. *City of Brooklyn, supra; Dawson* v. *City of Troy*, 49 Hun, 322.)

The commencement of the action cannot be considered as a notice of intention to commence the action, because the notice must be filed before the commencement of the action, and as a condition to the maintenance thereof.

The whole matter of the maintenance of this class of actions was within the control of the legislature.   It could refuse a right of action against municipalities for such injuries, and it could impose any conditions precedent to the maintenance of such actions.   It could require notice of the intention to commence them to be served both upon the common council and upon the corporation counsel, and an act requiring the one notice would not be inconsistent with an act requiring the other.   Here the legislature required the presentation of the claim to the common council for its action thereon, and the notice to the corporation counsel for his information and to govern and influence his official conduct.   These actions against cities are numerous, and the legislature seems to have been solicitous to protect them so far as possible against unjust or excessive claims, and also against the improvident or collusive allowance of such claims by municipal officers.

The prevailing opinion in the court below contains a very satisfactory discussion of the questions involved upon this appeal, and but for the zeal of the learned counsel for the plaintiff and the alleged importance of our decision as bearing upon other pending actions, we should not have deemed it important to do more than to refer to that opinion for the grounds of our affirmance of the judgment.

Our conclusion is that the judgment should be affirmed with costs.

All concur.

Judgment affirmed.