(26 Civ. Proc. R. 123; 19 Misc. Rep. 257.)

### KELLY v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Special Term, New York County. January, 1897.)

MUNICIPAL CORPORATIONS—NOTICE OF INTENT TO SUE.

> An action against a city for personal injuries caused by the fall of a tree alleged to have been negligently allowed to stand in the street, is predicated on the negligence of the city, though the tree had become a nuisance, and is, therefore, within Laws 1886, c. 572, which requires notice of intention to sue a city of 50,000 inhabitants or more for damages for personal injuries arising from its alleged negligence.

Action by Virginia M. Kelly against the mayor, aldermen, and commonalty of the city of New York for personal injuries. Defendant demurs to the complaint. Sustained.

William D. Tyndall (Cornelius F. Collins, of counsel), for plaintiff.

Francis M. Scott, Corp. Counsel (William H. Rand, Jr., of counsel), for defendant.

RUSSELL, J. The determination of the demurrer to the complaint for insufficiency depends upon the solution of the question as to whether the cause of action stated in the complaint is one em-

braced within chapter 572, Laws 1886, which requires an action against a city having 50,000 inhabitants or over, for damages for personal injuries arising from its alleged negligence, to be commenced within one year after the cause of action accrued, and notice of the intention to commence such action, and of the time and place at which the injuries were received, to be filed with the counsel to the corporation within six months after such cause of action shall have accrued.    The plaintiff complied with sections 123 and 1104 of the New York City Consolidation Act as to the presentment of the account or claim and the commencement of the action after 30 days therefrom, but did not comply with the general act requiring the filing of the notice of intention to sue.    If the cause of action comes within the terms of the general act in regard to cities of over 50,000 inhabitants, the filing of the notice of claim provided for by the consolidation act does not serve as a substitute, and the action cannot be maintained if it be one of those embraced within the terms of the general act.    Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80; Babcock v. Mayor, 56 Hun, 196, 9 N. Y. Supp. 368; Dawson v. City of Troy, 49 Hun, 322, 2 N. Y. Supp. 137.

The cause of action set forth in the complaint is for personal injuries received by the plaintiff from the fall of a tree in one of the streets of the city of New York, which it was the duty of the city to keep in a safe condition, and the fall was occasioned by the rottenness and decay and injured condition of the tree.    It is averred in the complaint that:

"The defendant negligently and carelessly disregarded its said duties in relation to the public and the said tree, and failed to care for and inspect the said tree and protect the public, and suffered the tree to remain in said highway, although it had notice and knew, and was bound to know, that the said tree endangered, menaced, and imperiled the passers-by, and was a nuisance to the public, by reason of its infirm, rotten, injured, and otherwise unsafe and unstable condition."

It is also alleged that by reason of such rottenness, etc., "and defendant's negligence, as aforesaid," the injury was occasioned to the plaintiff for which she seeks recovery.    The plaintiff's counsel argues that the facts averred in the complaint, and the allegation that the tree became a nuisance to the public, render this an action for damages by reason of a nuisance, instead of one for personal injuries sustained by negligence of the defendant.    It is sometimes difficult to distinguish the exact difference between a nuisance and a situation produced by negligence.    Generally speaking, a nuisance is occasioned by some affirmative act, and not by mere sufferance; but yet passive action, where an active duty is imposed, may result in creating what is known as a nuisance.    An obstruction in the streets or highways, or the generation of a miasmatic atmosphere, may be produced by nonaction on the part of those whose duty it is to remove the cause of such production, and might be well considered to be a nuisance to the public.    But, in my view of the purposes of the statute and its effect, that statute was not designed to give a name to the causes of action, but rather classifies the substance of the actions intended to be embraced within its provisions.    The city acts through its subordinate servants in the discharge of its public

duties, and in the numberless ramifications of the acts of its various servants in the discharge of those duties requires notice promptly given of any negligent action by which pecuniary claims for personal injuries may be made. It has also been deemed advisable by the legislature to require, in addition to the notice of the time and place at which the injuries were received, that notice of determination to sue should also be given.

Under the scope of the complaint it is very evident that if the tree became by sufferance a nuisance, dangerous to the safety of the public, such condition resulted from the negligent nonaction on the part of those subordinates of the city whose duty it was to see that the tree was properly guarded or removed. To reach the result of the responsibility of the city for the injuries received by the plaintiff, the line of proof must demonstrate the negligence of the city. The ultimate negligence of the city's servants may have produced a nuisance, but no recovery could be had without such result having been occasioned by such negligence. If, just before the injury to the plaintiff, a storm had occasioned the insecurity of the tree, without time sufficient to throw the burden of notice upon the city having elapsed, it would hardly be claimed that the city would have been liable for the injury. It is only by actual notice, or by constructive notice, with a lapse of time sufficient to enable the city to repair, that the liability of the city would begin. Therefore it is very evident that in this case the plaintiff can only recover by proof of negligent nonaction on the part of the servants of the city, and such requirement demonstrates without doubt that this action is brought to recover for the personal injuries sustained by reason of the negligence of the city or its employés. The demurrer is therefore sustained, with costs. No request has been made for leave to serve an amended complaint, and that question is not passed upon by this court.

Demurrer sustained, with costs.