other view of the testimony of this witness as to the consideration of the mortgage than that which compelled him to reject it.

The judgment appealed from must be affirmed, with costs. All concur, except WILLIAMS, J., dissenting.

---

(17 App. Div. 536.)

### MISSANO et al. v. MAYOR. ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 21, 1897.)

MUNICIPAL CORPORATIONS—ACTION FOR PERSONAL INJURIES—NOTICE.

Laws 1886, c. 572, § 1, requiring notice of intent to sue a city for personal injuries to be filed with the corporation counsel, is not inconsistent with Laws 1882, c. 410, § 1104, requiring a similar notice to be served on the comptroller of the city, and therefore the act of 1886 is not satisfied by service of notice on the comptroller, pursuant to the act of 1882, though the notice was sent by the comptroller to the office of the corporation counsel.

Patterson and Parker, JJ., dissenting.

Appeal from trial term, New York county.

Action by Pasquale Missano and another, as administrators of Rosina Missano, deceased, against the mayor, aldermen, and commonalty of the city of New York, to recover damages for the death of plaintiffs' intestate. From a judgment entered on a verdict in favor of plaintiffs, and from an order denying a motion for new trial, made on the minutes, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and PARKER, JJ.

Theodore Connoly, for appellant.

M. P. O'Connor, for respondents.

WILLIAMS, J. The action was brought to recover damages for the death of the plaintiffs' intestate, alleged to have been caused by the negligence of the defendant. The first question presented is whether the plaintiffs' right to recover was not defeated by the failure to comply with the provisions of chapter 572 of the Laws of 1886, requiring a filing with the corporation counsel of a notice of an intention to commence the action. That statute provided:

"Section 1. No action against the mayor * * * for damages for personal injuries alleged to have been sustained by reason of the negligence of such mayor * * * shall be maintained unless * * * notice of the intention to commence such action, and of the time and place at which the injuries were received, shall have been filed with the counsel to the corporation, or other proper law officer thereof, within six months after such cause of action shall have accrued."

The injuries resulting in death were received September 23, 1894. October 4, 1894, there was delivered to the comptroller of the city of New York by the plaintiffs a notice, signed by the plaintiffs, bearing date October 2, 1894, and addressed to the comptroller, in which they stated that, in compliance with section 1104 of the consolidation act, they served the comptroller with notice of their intention to begin the action, and then stated the time and place at which the injuries were received. Thereafter, and on October 9,

1894, the comptroller sent this notice to the office of the corporation counsel, accompanied with a letter, signed by the comptroller, dated October 8, 1894, addressed to the corporation counsel, in which it was said, "Herewith I inclose for your consideration notice filed here on the 4th inst. by Pasquale Missano, etc., administrator, etc., of intention to sue." This letter, and the notice accompanying it, were received by the corporation counsel, and marked received in his office, October 9, 1894. No other notice of intention to commence the action was filed with the corporation counsel in attempted compliance with the statute above quoted. Thereafter, and on January 16, 1895, the comptroller served a notice upon the plaintiffs, dated that day, and signed by him, wherein he quoted from the provision of section 123 of the consolidation act, and stated that, in accordance with the power thus conferred upon the comptroller, he thereby required them to appear and be sworn before him, at the office of the corporation counsel, to answer orally as to any facts relative to the justness of the account or claim presented October, 1894, and that the assistant corporation counsel would take the examination. Pursuant to this notice the plaintiffs did appear and were examined by the corporation counsel. Upon these facts appearing, the court held that the notice of an intention to commence the action was filed with the corporation counsel, as required by the statute above quoted, and the defendant excepted.

There seems to be no decision meeting the precise facts of this case. It has been held that compliance with the provisions of this statute is a condition precedent to the maintenance of the action (Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80; Foley v. Mayor, etc., 1 App. Div. 586, 37 N. Y. Supp. 465); that notice, under the consolidation act, served upon the comptroller, cannot be held to be a compliance with this statute (Babcock v. Mayor, etc., 56 Hun, 196, 9 N. Y. Supp. 368); that the commencement of an action is not a compliance with the statute (Curry v. City of Buffalo, above); and that the notice cannot be a verbal one, but must be written (Foley v. Mayor, etc., above). In this case, however, although the notice was stated to be pursuant to the provisions of the consolidation act, it was sufficient in other respects to comply with the statute in question. And although it was not filed by plaintiffs with the corporation counsel, but was served upon the comptroller, it nevertheless came into the custody of the corporation counsel, and remained there. The comptroller sent it to the corporation counsel. The only question is whether this was a substantial compliance with the statute. We are not inclined to relax the rule that the statute must be strictly complied with. It, in effect, required a filing of the notice by the plaintiffs with the corporation counsel. Another notice was required by the provisions of the consolidation act to be served upon the comptroller; and compliance with one of these statutes would not excuse plaintiffs from complying with the provisions of the other. The statutes were not inconsistent. The delivery of the notice in question to the comptroller was not a compliance with the act in question. If complied with

45 N.Y.S.—38

at all, it must have been when, by the act of the comptroller, the notice was sent to the corporation counsel, and was received and retained by him. It seems to us, however, that in order to comply with the statute the notice must have been filed with the corporation counsel by the plaintiffs themselves, or in their behalf by their duly-authorized agent. They never authorized the comptroller to send the notice to the corporation counsel. They never expected or intended he should do so. He did not assume to act as their agent in doing so. The notice was served upon the comptroller, was intended for him, and for no one else. The act of the plaintiffs was completed when they delivered the notice, or caused it to be delivered, to the comptroller. The comptroller, in doing what he did, acted of his own volition, and the act was his, and was not his act as agent for or in behalf of the plaintiffs. Finding the notice in his hands, and thinking the corporation counsel should know of it, he sent it to him, as he stated in his letter, for his consideration. The plaintiffs never complied with the provisions of the statute by filing a notice of intention to commence the action with the corporation counsel.

Our conclusion is that there was, for this reason, no right to maintain the action. It should have been dismissed by the trial court, and the refusal so to do was error, for which the judgment should be reversed. In view of our decision as to this question, it is unnecessary to consider the other questions raised by appellant. No new trial is necessary. The complaint should be dismissed. The judgment and order reversed, with costs of this appeal, and complaint dismissed, with costs.

VAN BRUNT, P. J., and RUMSEY, J., concur. PATTERSON and PARKER, JJ., dissent.