BURFORD v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   February 25, 1898.)

1. ACTION AGAINST CITY—NOTICE.
   Under Laws 1886, c. 572, requiring that notice of claim and intention to sue the city must be filed with the corporation counsel, service of such a notice by mail is insufficient. Delivery by or on behalf of the claimant at the office in which the filing is to be made will alone satisfy the statute.

2. SAME—EVIDENCE.
   An inference of the proper filing of such a notice cannot be indulged in merely because it is shown that in some way a notice came into the hands of an assistant to the corporation counsel, and that he had it on a particular occasion.

Appeal from special term.

Action by Thomas W. Burford against the mayor, aldermen, and commonalty of the city of New York. From a judgment dismissing the complaint, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

J. W. Bryant, for appellant.

T. Connoly, for respondent.

PATTERSON, J.   On the argument of this cause, counsel declared that the only question for the consideration of the court on this appeal was the sufficiency of the proof made by the plaintiff of the service of the notice of claim required to be filed with the corporation counsel by chapter 572 of the Laws of 1886. It appeared in evidence that a notice sufficient in form was served upon the comptroller of the city of New York, but we have held that such a notice, even if traced into the hands of the corporation counsel, is not sufficient compliance with the requirement of the law. Missano v. City of New York, 17 App. Div. 537, 45 N. Y. Supp. 592. It was also shown by the plaintiff that an attempt at service upon the counsel to the corporation of the necessary notice was made by mailing it. Service

of such a notice by mail is insufficient. The purpose of the statute is that direct written notice shall be given, and that it shall be filed with the corporation counsel. That requirement imposes upon the claimant the duty of doing everything necessary to put the corporation counsel in physical possession of the notice, so that it may be said to be on file with him. Mailing is not the equivalent of filing required by the statute. Delivery by or on behalf of the claimant at the office in which the filing is to be made will alone satisfy the statute. As was said in Gates v. State, 128 N. Y. 221, 28 N. E. 373, in commenting upon another statute respecting the filing of claims:

"If we should hold that the mailing by a claimant of his claim directed to the canal appraisers was equivalent to a filing in the office, I think we should be disregarding the plain reading of the law, and denying to the words of the statute their plain and usual force and significance."

But there was some slight evidence on the trial that the corporation counsel had received a notice, a witness testifying that he saw in the corporation counsel's office, in the hands of an assistant, a notice of claim with the name of the corporation counsel written upon it; and the contention is therefore made that the notice was to all intents and purposes filed, and the law complied with; and that, inasmuch as the object of the statute was accomplished, the means by which that was done became immaterial. The plaintiff was examined by the corporation counsel, and it was upon the occasion of that examination that the notice addressed to the corporation counsel was seen in the hands of his assistant conducting the examination. That slight evidence was not enough to show a delivery of the notice at the corporation counsel's office in the manner required by law. It is of the utmost importance that this statute should be strictly complied with. How, when, or under what circumstances the assistant corporation counsel came into possession of the copy of the notice which was seen in his hands on the examination we do not know. No presumption that it was filed in accordance with the law can be drawn where the fact is obvious that it was not delivered as required by law, and in that respect the case differs from McMahon v. City of New York, 1 App. Div. 322, 37 N. Y. Supp. 289, where, under the exceptional facts appearing in that case, we held that the notice was sufficiently filed because there was proof of its actual delivery to an assistant to the corporation counsel, who was conducting the examination of a plaintiff as to the claim set forth in the notice at the time the service was made. But here we cannot indulge in the inference of proper filing merely from the fact that in some way a notice came into the hands of an assistant to the corporation counsel, and he had it on a particular occasion. The point may seem to be technical, but it is of prime importance to the city.

The judgment dismissing the complaint must be affirmed, with costs. All concur.