### SHEEHY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. May 6, 1898.)

ACTION AGAINST CITY—PERSONAL INJURIES—NOTICE.

 In order to comply with Laws 1886, c. 572, providing that no action for damages for personal injuries shall be maintained against the city of New York unless a notice, as therein prescribed, shall have been filed with the corporation counsel, it is essential that the notice contain a statement of "an intention to commence an action," so framed that that intention appears by necessary statements or by necessary inference from what is stated, and a statement that the person filing the notice "claims and demands" a specified sum is insufficient.

 Barrett and Ingraham, JJ., dissenting.

Action by Agnes Sheehy against the city of New York. Order dismissed. Complaint and exceptions thereon ordered to be heard in the first instance in the appellate division. Exceptions overruled.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

David McClure, for appellant.
Theodore Connoly, for respondent.

RUMSEY, J. Mrs. Sheehy brought this action to recover for personal injuries which she claimed to have received by falling into .a hole in the sidewalk upon a street in the city of New York, alleging that the hole constituted a serious defect, and that it was permitted to exist because of the negligence of the defendant. Her .complaint contained the usual allegations in such cases, and also set forth that before the action was begun the claim upon which it was founded was presented to the comptroller for adjustment,

but that he paid no attention to it, and no part of it had been paid. It contained a further allegation that, before the action was begun, notice of the intention to begin the action, and of the time and place at which the injuries were received, had been filed with the corporation counsel. Upon the trial, after giving evidence as to her injuries and the defect which she claimed to have existed in the sidewalk, the plaintiff swore as a witness a clerk in the office of the corporation counsel, who produced a book kept in that office, in which notices of intention to sue are entered when the same have been filed. The heading of the page and the entry under it were as follows:

"Notices of Intention to Commence Action.
"Chapter 572, Laws of 1886.

"Nov. 10.  Agnes Sheehy, R. & E. J. O'Gorman, 49–51          Sept. 22, '94.
                    Chambers St.
"West side of                    Personal injuries          $5,000 claimed.
Washington Ave.,          caused by falling
   bet. 174th &              into a deep hole
      175 St.                 in sidewalk."

This evidence was not received, and the plaintiff excepted to its rejection. The plaintiff then offered in evidence a paper produced by the corporation counsel, of which the following is a copy:

"In the Matter of the Claim of Agnes Sheehy against the Mayor, Aldermen, and Commonalty of the City of New York.

"Gentlemen: Please take notice that Agnes Sheehy claims and demands from the mayor, aldermen, and commonalty of the city of New York five thousand dollars, damages for personal injuries sustained by her by falling upon the sidewalk on the west side of Washington avenue, in the city of New York, between One Hundred and Seventy-Fourth and One Hundred and Seventy-Fifth streets, on the 22d day of September, 1894; there being at the time a deep hole or depression in the sidewalk at that point, and the street gaslights not being lit.

"Dated New York, November 10th, 1894.

"Respectfully, yours,          Agnes Sheehy, Claimant.
                              "R. & E. J. O'Gorman,
"Attorneys for Agnes Sheehy, 49 and 51 Chambers Street, New York City.

"To Hon. Ashbel P. Fitch, Comptroller, and Hon. William H. Clark, Counsel to the Corporation."

This paper was read in evidence. The court ruled that this notice was not a compliance with the statute cited above, dismissed the complaint, and ordered the exceptions on that ruling to be heard in the first instance in the appellate division.

Section 1 of chapter 572 of the Laws of 1886 provides that no action shall be maintained against the city of New York for damages for personal injuries alleged to have been sustained by its negligence, unless it shall have been commenced within one year after the cause of action shall have accrued, or unless notice of the intention to begin the action, and of the time and place at which the injuries were received, shall have been filed with the counsel to the corporation, or other proper law officer thereof, within six months after such cause of action shall have accrued. The single question presented is whether the notice quoted above was a compliance with the provisions of this statute. The effect of the law is that no cause of action exists until the notice required by

this statute has been filed.    Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80.    The requirement of the statute is imperative.    It cannot be waived by any official, but it stands at the threshold of the action as an essential condition to its maintenance, and, unless that section has been complied with as is required by the law, no right of action exists.    The entry in the book of the corporation counsel, which was offered and rejected, showing the construction which the clerk who made the entry put upon the notice, is a matter of no importance.    As the law does not give to the corporation counsel, or to a clerk in his office, the right to waive the filing of this notice, it certainly does not give to him the right to construe an insufficient paper as the notice required by the statute, but in all cases the question is whether the notice which is shown to have been filed complies with the requirements imposed by the law.    The entry in the book of the corporation counsel would be evidence that a notice had been filed, and, if the notice itself were not produced, such entry might be some evidence of its contents; but when the paper itself is produced its sufficiency depends upon what is in it, and an insufficient notice is not to be helped out because the corporation counsel, or anybody else, has seen fit to accept something which does not comply with the requirements of the statute.

So we are brought to a consideration of the paper itself.    The complaint alleges the service of two notices, one upon the comptroller and one upon the corporation counsel.    The paper in question was evidently served upon each officer, because it is directed to each one.    The notice to the comptroller is one provided for by section 123 of the consolidation act.    That is simply the presentation of the claim, giving the comptroller information as to the manner in which the claim accrued, that he may, if necessary, take steps for its examination and adjustment.    But that is not the notice required by the act of 1886 (Babcock v. Mayor, etc., 56 Hun, 198, 9 N. Y. Supp. 368); and a notice to the comptroller is not a sufficient notice of an intention to sue, as was held in the case last cited.    The difference between the two notices is this:    The one served upon the comptroller need only state the fact of the claim, with the circumstances under which it accrued, so that he may proceed to adjust it.    The one served upon the corporation counsel is to state, not only these facts, but the additional fact of an intention to commence an action; and in the requirement of a notice of intention to commence an action lies the distinction between the two notices.    The legislature has seen fit to provide expressly that in the notice to the corporation counsel should be stated, not only the time and place at which the injuries were received, but a notice of an intention to commence the action.    One is just as essential as the other, and both are expressly required by the provisions of the statute.    It has been held more than once that this statute is to be strictly construed.    Foley v. City of New York, 1 App. Div. 586, 37 N. Y. Supp. 465; Missano v. City of New York, 17 App. Div. 536, 45 N. Y. Supp. 592; Burford v. Mayor, etc., 26 App. Div. 225, 49 N. Y. Supp. 969.    In the case last cited it was said that, while

the point may seem to be technical, yet it is of prime importance to the city that a compliance with the statute should be insisted upon. It is clear that this notice contains in words nothing which corresponds with the notice of an intention to commence an action. It is not claimed by the plaintiff that it does; but it is said that such an intention is fairly to be inferred, because the notice contains information of the injuries, and of the place, time, and manner in which they were received, and because it is signed, not only by the claimant herself, but by her attorneys, and is addressed to the law officer of the corporation. But the law officer of the corporation is not the attorney for the corporation in the action of Sheehy against the city until that action has been begun by the service of a summons. While he is the attorney for the city, yet he does not stand towards it in the relation of an attorney in a pending action until the action has actually been begun. This paper is served upon him, not because he represents the city as its attorney in this particular action, but because the statute requires the service to be made upon this particular official. When the service is made, the question of its sufficiency does not depend upon the person upon whom the service is made, and a defect is not to be helped out because he is described as attorney, but the question is to be determined by what is in the notice served. It may well be that the corporation counsel had reason to believe, judging from his knowledge of the conditions, that this notice would be followed by the commencement of an action; but the statute does not make the liability of the city depend upon a conclusion or inference drawn by any official. The right to bring an action depends upon the service of a particular notice containing a particular statement, and that notice must be so framed that the facts appear by necessary statements, or by necessary inference from what is stated, or else the notice does not comply with the statute. The inference of intention to begin an action is sought to be drawn from the facts which the law requires to be stated in addition to the fact of intention. Thus the requirement of a notice is expunged from the law, although the legislature has especially directed it to be inserted, in addition to the facts which are contained in this notice.

The requirements are clear and plain. The paper must contain a notice of an intention to commence an action. That particular thing is required by law. In each case the question presented is whether, looking at the notice, there is contained in it the statement required. It is not to be helped out by an inference from what is ordinarily done by men, or by a suggestion that, unless such intention existed, the notice would have been served. The simple question is whether the notice itself contains the essential statement. To go outside of the paper itself, and to permit that question to be determined by inferences not contained in it, would be to add an element of uncertainty to each one of these cases, which is not required or permitted. There is nothing complicated or difficult about the requirements of the statute, and the only safe rule to be adopted, in our judgment, is that the notice must contain substantially the thing prescribed in the law;

and an intention to sue, if it can be inferred at all, must arise necessarily from the words contained in the notice itself, and it cannot be inferred from the mere fact of serving an insufficient notice addressed to the corporation counsel.

For these reasons we think the exceptions should be overruled, the motion for a new trial denied, and judgment ordered for the defendant upon the verdict. All concur, except BARRETT and INGRAHAM, JJ., dissenting.

BARRETT, J. (dissenting). The notice here sufficiently expressed "an intention to commence an action." It did not literally use these words, but it used words which, in their connection, conveyed the same meaning. It stated that Mrs. Sheehy claimed and demanded from the city $5,000 damages for personal injuries sustained by her falling upon one of its sidewalks. This notice was addressed to the law officer of the city, and was signed by Mrs. Sheehy's attorneys. It imported, not a mere idle assertion of a claim, but an intention to pursue and recover it. It was not addressed and delivered for the purpose of negotiation, but plainly with a view to litigation. As addressed to the fiscal officer of the city, it might be said to invoke settlement without suit. As addressed to the law officer, however, it imported a resort to the courts. It is said that the statute requiring this notice should be strictly construed. Undoubtedly, in matters of substance. But it does not impose upon the injured party a mere technical and ironclad form as a prerequisite to the assertion of his rights. The essential thing is that the law officer of the city should be properly advised of a claim which is about to be litigated, in order that he may make an early and prompt investigation on the subject, and be prepared for the impending suit. Here he was so advised. The plaintiff offered evidence tending to show that the language used in the notice actually conveyed to the corporation counsel her intention to sue. Had she been permitted to prove this, it would have appeared that the notice fully effected the statutory purpose. Can it be that such a notice is a noncompliance with the statute when it actually gives the information which the statute was enacted to require? I cannot think it. The corporation counsel here did not merely suspect or surmise the meaning of this notice. He inferred it, and inferred it reasonably, from the language used. That would clearly have been shown if the proof offered by the plaintiff had not been rejected. There was, in truth, no other inference to be fairly drawn from this notice save that which, as the plaintiff offered to show, was actually drawn. The corporation counsel knew that the notice was not served upon him idly or gratuitously, but that it was served under the statute. There was but one statute requiring any notice on the subject to be filed with him. The present notice concededly embraced every other detail required by this statute. It spoke, therefore, of a notice under the particular statute as clearly as though it had read: "Please take notice, pursuant to chapter 572 of the Laws of 1886, that Agnes Sheehy claims and demands," etc. Having utilized this notice for its statutory purpose, and having thus had the fullest opportunity to make the investigation and preparation

which it called for, it seems to me that the city cannot now be heard
to question it; and I cannot but think that it is a harsh and unjust
conclusion to throw the plaintiff out of court upon a mere question
of phraseology, and thus to deprive her of all opportunity of vindi-
cating her rights.

. The judgment should be reversed, and a new trial ordered, with,
costs to abide event.

INGRAHAM, J., concurs.