THOMAS W. BURFORD, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

*Municipal corporation — action for injuries caused by its negligence — a notice of intention to sue must be actually delivered — mailing is insufficient.*

Chapter 572 of the Laws of 1886, providing that no action shall be maintained against a city for damages for personal injuries resulting from its alleged negligence unless the claimant has filed a notice of his intention to commence an action upon such claim with the corporation counsel, is complied with only by a delivery thereof by or on behalf of the claimant at the office in which it is to be filed; service of such a notice by mail is insufficient.

The testimony of a witness, sworn upon the trial of an action brought against a municipal corporation to recover damages for personal injuries, that he saw in the office of the corporation counsel, in the hands of an assistant, a notice of the claim with the name of the corporation counsel written upon it, does not establish proper service thereof.

APPEAL by the plaintiff, Thomas W. Burford, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 12th day of March, 1897, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term, and also from an order entered in said clerk's office on the 9th day of March, 1897, denying the plaintiff's motion for a new trial made upon the minutes.

The action was brought to recover damages for personal injuries resulting to the plaintiff from the alleged negligence of the defendant.

Section 1 of chapter 572 of the Laws of 1886, referred to in the opinion, provided as follows:

"No action against the mayor, aldermen and commonalty of any

city in this State having fifty thousand inhabitants or over, for damages for personal injuries alleged to have been sustained by reason of the negligence of such mayor, aldermen and commonalty, or of any department, board, officer, agent or employee of said corporation, shall be maintained unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of the intention to commence such action and of the time and place at which the injuries were received, shall have been filed with the counsel to the corporation or other proper law officer thereof within six months after such cause of action shall have accrued."

*J. W. Bryant,* for the appellant.

*T. Connoly,* for the respondent.

PATTERSON, J.:

On the argument of this cause counsel declared that the only question for the consideration of the court on this appeal was the sufficiency of the proof made by the plaintiff of the service of the notice of claim required to be filed with the corporation counsel by chapter 572 of the Laws of 1886. It appeared in evidence that a notice sufficient in form was served upon the comptroller of the city of New York, but we have held that such a notice, even if traced into the hands of the corporation counsel, is not a sufficient compliance with the requirement of the law. (*Missano* v. *The Mayor*, 17 App. Div. 536.) It was also shown by the plaintiff that an attempt at service of the necessary notice upon the counsel to the corporation was made by mailing it. Service of such a notice by mail is insufficient. The purpose of the statute is that direct written notice shall be given, and that it *shall be filed* with the corporation counsel. That requirement imposes upon the claimant the duty of doing everything necessary to put the corporation counsel in physical possession of the notice so that it may be said to be on file with him — mailing is not the equivalent of filing required by the statute. Delivery by or on behalf of the claimant at the office in which the filing is to be made will alone satisfy the statute. As was said in *Gates* v. *The State* (128 N. Y. 221), in commenting upon another statute respecting the filing of claims, "if we should hold that the mailing by a claimant of his claim directed to the canal appraisers was equivalent to

a filing in the office, I think we should be disregarding the plain reading of the law and denying to the words of the statute their plain and usual force and significance."

But there was some slight evidence on the trial that the corporation counsel had received a notice, a witness testifying that he saw in the corporation counsel's office, in the hands of an assistant, a notice of claim with the name of the corporation counsel written upon it, and the contention is, therefore, made that the notice was, to all intents and purposes, filed and the law complied with; and that, inasmuch as the object of the statute was accomplished, the means by which that was done became immaterial. The plaintiff was examined by the corporation counsel, and it was upon the occasion of that examination that the notice addressed to the corporation counsel was seen in the hands of his assistant conducting the examination.

That slight evidence was not enough to show a delivery of the notice at the corporation counsel's office in the manner required by law. It is of the utmost importance that this statute should be strictly complied with. How, when or under what circumstances the assistant corporation counsel came into possession of the copy of the notice which was seen in his hands on the examination we do not know. No presumption that it was filed in accordance with the law can be drawn where the fact is obvious that it was not delivered as required by law, and in that respect the case differs from *McMahon* v. *The Mayor* (1 App. Div. 321), where, under the exceptional facts appearing in that case, we held that the notice was sufficiently filed because there was proof of its actual delivery to an assistant to the corporation counsel, who was conducting the examination of a plaintiff as to the claim set forth in the notice at the time the service was made. But here we cannot indulge in the inference of proper filing merely from the fact that in some way a notice came into the hands of an assistant to the corporation counsel, and he had it on a particular occasion. The point may seem to be technical, but it is of prime importance to the city.

The judgment dismissing the complaint must be affirmed, with costs.

Van Brunt, P. J., Barrett, Rumsey and O'Brien, JJ., concurred.

Judgment affirmed, with costs.