Thomas Kennedy, Appellant, v. The Mayor, Aldermen and Commonalty of the City of New York, Respondent.

*City of New York — failure to file with the corporation counsel notice of an intention to bring an action against the city — what does not excuse or waive such failure.*

The failure of the plaintiff, in an action against the city of New York to recover for personal injuries caused by the defendant's alleged negligence, to allege in his complaint the filing with the corporation counsel of a notice of intention to bring the action, as required by chapter 572 of the Laws of 1886, is not excused by proof that, after the expiration of the statutory period and when the plaintiff's right to bring an action was foreclosed, a stipulation was entered into between his attorneys and the corporation counsel, whereby it was agreed that the service of his summons and complaint might be made before his examination on behalf of the city comptroller, and that the city would not object to the bringing of the suit prior to such examination. Such conduct was not a waiver by the city of its right to notice.

*Quære*, as to the right of the corporation counsel to waive the filing in his office of the statutory notice.

Appeal by the plaintiff, Thomas Kennedy, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 2d day of November, 1896, upon the dismissal of his complaint by direction of the court after a trial at the New York Trial Term; also from an order made at the New York Trial Term and entered in said clerk's office on the 28th day of October, 1896, denying the plaintiff's motion for a rehearing of the defendant's motion at Trial Term which resulted in the dismissal of the plaintiff's complaint, and for leave to amend the complaint.

*Robert C. Taylor*, for the appellant.

*Theodore Connoly*, for the respondent.

Barrett, J.:

The action was for personal injuries claimed to have been caused by the defendant's negligence. The plaintiff failed to allege in his complaint the filing with the corporation counsel of a notice of intention to bring the action, specifying the time when and place where the injuries were received, as required by chapter 572 of the Laws of 1886. Because of the failure to so allege, the complaint was dis-

missed at the trial upon motion of the defendant's counsel. The dismissal was right, and the judgment must be affirmed upon the authority of *Babcock* v. *The Mayor* (56 Hun, 196), *Missano* v. *Mayor* (17 App. Div. 536), and *Sheehy* v. *City of New York* (51 N. Y. Supp. 519). The appellant concedes that the *Missano* case is adverse to his main contention, but he insists that the provisions of the statute in question were substantially complied with; that the corporation counsel waived all irregularities as to the form of the notice; and that his motion for a rehearing and for leave to amend should have been granted. We think, however, that the denial of this motion was also right. The non-compliance with the statute was substantial and radical. There was no attempt either in form or substance to satisfy its requirements. No notice of any kind was filed with the corporation counsel. No intention to commence an action against the city was even expressed in the notice filed with the comptroller — though we do not mean to intimate that that would have sufficed. In the correspondence between the plaintiff's attorney and the assistant corporation counsel with respect to the plaintiff's examination as required by the comptroller, there are expressions suggestive of an impending action against the city, and from which it might be inferred that the plaintiff was about to bring such an action. But this clearly is not the kind of notice which the statute requires. It further appears that, after the expiration of the statutory period and when the plaintiff's right to bring an action was foreclosed, a stipulation was entered into between his attorneys and the corporation counsel whereby it was agreed that the service of his summons and complaint might be made before his examination on behalf of the comptroller, and that the city would not object to the bringing of the suit prior to such examination. This stipulation neither added to nor took from the rights of the parties as they then existed under the law. It certainly did not waive the notice required by the statute. It was said in the *Sheehy* case that the law did not give the corporation counsel the right to waive the filing in his office of the statutory notice. But even if it did give that right, it was not here exercised. The plaintiff, undoubtedly, acted throughout as though he intended to commence suit. The trouble is that he did not express this intention as required by the statute. The filing of this statutory notice with the corporation

counsel was a condition precedent to the bringing of the action. The plaintiff failed to fulfill that condition, and consequently the granting of his motion for a rehearing, or for leave to amend, could have done him no possible good.

The judgment and order appealed from should, therefore, be affirmed, with costs.

VAN BRUNT, P. J., RUMSEY, INGRAHAM and MCLAUGHLIN, JJ., concurred.

Judgment and order affirmed, with costs.