KENNEDY v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   November 11, 1898.)

1. MUNICIPAL CORPORATIONS—ACTIONS FOR PERSONAL INJURIES—NOTICE.

Laws 1886, c. 572, § 1, requiring the filing with the corporation counsel of a notice of intent to sue a city for personal injuries as a condition precedent to the right to sue the city for such injuries, is not complied with by service of a notice on the comptroller of the city, pursuant to Laws 1882, c. 410, § 1104, requiring a similar notice to be served on him.

2. SAME—WAIVER.

The failure to attempt, either in form or substance, to comply with Laws 1886, c. 572, § 1, requiring notice of intent to sue a city for personal injuries to be filed with the corporation counsel within six months from the accrual of the cause of action, is not waived by statements in the correspondence between plaintiff's attorney and the corporation counsel with respect to plaintiff's examination, which was suggestive of an impending action against the city, nor by a stipulation entered into between plaintiff's attorneys and the corporation counsel after the expiration of the statutory period allowed in which to give said notice.

Appeals from trial term, New York county.

Action by Thomas Kennedy against the mayor, aldermen, and commonalty of the city of New York.  From a judgment for defendant entered on the dismissal of the complaint at the trial term, and from an order denying plaintiff's motion for a rehearing of defendant's motion at trial term, which resulted in the dismissal, and for leave to amend the complaint (41 N. Y. Supp. 1077), plaintiff brings separate appeals.  Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Robert C. Taylor, for appellant.

Theodore Connoly, for respondent.

BARRETT, J.   The action was for personal injuries claimed to have been caused by the defendant's negligence.   The plaintiff failed to allege in his complaint the filing with the corporation counsel of a notice of intention to bring the action, specifying the time when and place where the injuries were received, as required by chapter 572 of the Laws of 1886.   Because of the failure to so allege, the complaint was dismissed at the trial upon motion of the defendant's counsel. The dismissal was right, and the judgment must be affirmed, upon the authority of Babcock v. Mayor, etc., 56 Hun, 196, 9 N. Y. Supp. 368; Missano v. City of New York, 17 App. Div. 536, 45 N. Y. Supp. 592; and Sheehy v. City of New York (Sup.) 51 N. Y. Supp. 519.   The appellant concedes that the Missano Case is adverse to his main contention, but he insists that the provisions of the statute in question were substantially complied with; that the corporation counsel waived all irregularities as to the form of the notice; and that his motion for a rehearing and for leave to amend should have been granted.   We think, however, that the denial of this motion was also right.   The noncompliance with the statute was substantial and radical.   There was no attempt, either in form or substance, to satisfy its requirements.   No notice of any kind was filed with the corporation counsel. No intention to commence an action against the city was even ex-

pressed in the notice filed with the comptroller, though we do not mean to intimate that that would have sufficed. In the correspondence between the plaintiff's attorney and the assistant corporation counsel with respect to the plaintiff's examination, as required by the comptroller, there are expressions suggestive of an impending action against the city, and from which it might be inferred that the plaintiff was about to bring such an action. But this clearly is not the kind of notice which the statute requires. It further appears that, after the expiration of the statutory period, and when the plaintiff's right to bring an action was foreclosed, a stipulation was entered into between his attorneys and the corporation counsel, whereby it was agreed that the service of his summons and complaint might be made before his examination on behalf of the comptroller, and that the city would not object to the bringing of the suit prior to such examination. This stipulation neither added to nor took from the rights of the parties as they then existed under the law. It certainly did not waive the notice required by the statute. It was said in the Sheehy Case that the law did not give the corporation counsel the right to waive the filing in his office of the statutory notice. But, even if it did give that right, it was not here exercised. The plaintiff undoubtedly acted throughout as though he intended to commence suit. The trouble is that he did not express this intention as required by the statute. The filing of this statutory notice with the corporation counsel was a condition precedent to the bringing of the action. The plaintiff failed to fulfill that condition, and consequently the granting of his motion for a rehearing, or for leave to amend, could have done him no possible good.

The judgment and order appealed from should therefore be affirmed, with costs. All concur.