(31 Misc. Rep. 59.)

### GREEN v. VILLAGE OF PORT JERVIS.

(Supreme Court, Special Term, Orange County. March, 1900.)

CONSTITUTIONAL LAW—MUNICIPAL CORPORATIONS—INTENTION TO SUE—UNREASONABLE REQUIREMENT OF NOTICE—DUE PROCESS OF LAW.

The notice of intention to commence any action for personal injuries against the village of P., and of the time and place of injury, required by Laws 1896, c. 529, § 82, to be filed with the village clerk within 48 hours after the cause of action accrues, is unreasonable, and in violation of the constitutional provision that no person shall be deprived of property without due process of law.

Action by Henry Green against the village of Port Jervis to recover for personal injuries. On demurrer to the complaint. Overruled.

Lyon & Lybolt, for plaintiff.
William A. Parshall, for defendant.

DICKEY, J. The defendant interposes a demurrer to the complaint, and the question for decision is as to the reasonableness or constitutionality of section 82 of the charter of the defendant, which reads as follows:

"No action against said village for damages for personal injuries alleged to have been sustained by reason of negligence of such village or of any department, board, officer, agent or employee thereof, shall be maintained unless

the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless notice of intention to commence such an action and of the precise time and place at which the injuries were received, shall have been filed with the clerk of the village within forty-eight hours after such cause of action shall have accrued." Laws 1896, c. 529.

It will be noticed that a very short time (48 hours) after cause of action accrued (the happening of the accident) is fixed for the filing with the village clerk of notice of intention to commence action, and of the precise time and place at which the injuries were received. The general village law fixes the time for filing such notices six months after cause of action arose. Acts applying to other municipalities fix the time at three months, six months, and one year; three months being the shortest time in any other locality. In this case complaint alleges notice was filed in five days' time after the accident, and as soon as plaintiff was sufficiently recovered from his injuries to at all attend to the matter. It has been held that filing such a notice as is here contemplated is a condition precedent to bringing the action, and it must be alleged in the complaint, and proved on the trial, and neglect to do so prevents prosecution of any action or any recovery. Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80. So this notice requirement has all the force and effect of a statute of limitations. While the courts have held that the whole matter of maintenance of this class of actions was within the control of the legislature, and they have also said in the Curry Case that the legislature could impose any conditions precedent to the maintenance of such actions, they have also said the only restriction on the legislature in the enactment of statutes of limitations is that a reasonable time be allowed for suits upon causes of action theretofore existing, and also said the question of reasonableness naturally and primarily is with the legislature; and when the question is brought before the court the surrounding circumstances are regarded in determining whether the legislature in prescribing a period of limitations has erred to the prejudice of substantial rights. The right possessed by a person of enforcing his claim against another is property, and if a statute of limitations, acting upon that right, deprives a claimant of a reasonable time within which suit may be brought, it violates the constitutional provision that no person shall be deprived of property without due process of law. Gilbert v. Ackerman, 159 N. Y. 118, 53 N. E. 753. I have no hesitation in holding the 48-hour limitation is unreasonable and unconstitutional. If death resulted by negligence of the village, this 48-hour requirement would compel notice to be given before funeral of the victim, and would necessitate taking out letters of administration in the same time. This would be indecent, and shock all ideas of propriety. In this case it requires an unconscious man to be conscious, active, and vigilant, or lose his claim. This is too harsh, and a denial of justice, and cannot be upheld. Demurrer is overruled, with leave to defendant to answer in 20 days on payment of costs.

Demurrer overruled, with leave to defendant to answer in 20 days on payment of costs.