HIGGINS v. CITY OF ALBANY.

(Supreme Court, Appellate Division, Third Department. January 6, 1909.)

MUNICIPAL CORPORATIONS (§ 812*)—ACTIONS AGAINST CITY FOR PERSONAL INJURIES—CONDITIONS PRECEDENT—NOTICE—STATUTORY PROVISIONS.

Laws 1898, p. 438, c. 182, § 461, as amended by Laws 1904, p. 1270, c. 504, requires service of notice to the city of an injury received for which a city of the second class is claimed to be liable and notice of the defect claimed to have caused it. Laws 1886, p. 801, c. 572, requires the filing with the corporation counsel of the city within six months after the cause of action shall have accrued of a notice of intention to commence an action. Held, that both notices are conditions precedent to suing the city for an injury and a notice complying with Laws 1898,

as amended, but which contained no statement of an intention to sue, was not a compliance with Laws 1886, and was insufficient.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1696–1707; Dec. Dig. § 812.*]

Chester and Kellogg, JJ., dissenting.

Appeal from Judgment on Report of Referee.

Personal injury action by Michael F. Higgins against the City of Albany. Judgment for plaintiff, and defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Arthur L. Andrews (Andrew J. Nellis, of counsel), for appellant.

John A. Delehanty, for respondent.

SMITH, P. J. This action was brought to recover damages for an injury which plaintiff sustained 5th of July, 1905, upon South Pearl street, in the city of Albany. The defendant offered no evidence, relying upon the failure of the plaintiff to prove the service of the notices required by the statute as conditions precedent to his right to recover. Upon the 2d day of October, 1905, the plaintiff served upon the common council of the city of Albany a petition giving notice of his injury and the manner in which it was received and the extent of the same. The prayer of the petition was as follows:

"Your petitioner, therefore, pursuant to the provisions of section 461 of chapter 182, of the Laws of the state of New York, passed March 31, 1898, and entitled 'An act for the government of cities of the second class,' hereby presents to the common council of the city of Albany his claim for $10,000 damages for injury to his person caused by the negligence of the city of Albany, its officers, employés, and agents."

There was no further notice served until January 27, 1906, when there was served upon the corporation counsel a notice of intention to sue, which notice was returned by the corporation counsel as having been served too late.

There are two statutes which seem to require the service of notice upon the city as conditions precedent to the right to sue. The first is section 461, c. 182, p. 438, Laws 1898, as amended by chapter 504, p. 1270, Laws 1904, which requires the service of a notice of the injury and a notice of the defect for which the city is claimed to be liable. The notice served upon October 2d seems to be in full compliance with that provision of the statute, and refers to that statute as having been served thereunder. There was also in force at this time chapter 572, p. 801, Laws 1886, which required the filing with the corporation counsel of the city within six months after the cause of action shall have accrued of a notice of intention to commence an action. Both of these notices seem to be required to enable the party to maintain successfully an action against the city. Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80. The learned referee has found as a fact that such notice of intention to sue was filed in due time with the corporation counsel, and has held as matter of law that the plain-

tiff had complied with all the statutory requirements as conditions precedent to the commencement of his action. To this finding exception was duly taken.

There is no evidence in the case of the filing of a notice of intention to sue, except as such notice may be implied in the notice of injury filed upon October 2d under the Laws of 1898, as aforesaid, as amended by the Laws of 1904. The notice of January 27th was confessedly too late. In the notice of October 2d there is no statement of an intention to sue.

Two cases are cited by the learned referee and relied upon by the respondent here to sustain this finding. The first case is the case of Missano v. Mayor, 160 N. Y. 123, 54 N. E. 744. In that case there was filed with the comptroller of the city notice of intention to sue. This notice afterwards came to the possession of the corporation counsel. It was held that this was a sufficient compliance with chapter 572, p. 801, Laws 1886, although filed with the comptroller and stated to be a notice in compliance "with section 1104 of the New York consolidation act." Laws 1882, p. 305, c. 410. In that case, however, the notice of intention to sue was unequivocal and came to the possession of the corporation counsel, and this was held to be a substantial compliance with the statute. In the case at bar it appears that the corporation counsel had notice of the claim for injuries made by the plaintiff, but in such claim there was no notice of intention to sue as appeared in the case cited. The learned referee further cites in support of his holding the case of Sheehy v. City of New York, 160 N. Y. 139, 54 N. E. 749. In that case there was filed with the corporation counsel himself a notice of a claim and demand for damages for personal injuries. This was signed by the plaintiff and by plaintiff's attorney, with the post-office address of each as required on formal papers and legal proceedings. It was held, as there was no statute requiring the services of any other notice upon the corporation counsel, that the filing of this notice with the corporation counsel in the form in which it was made out was a substantial compliance with the Laws of 1886. The distinction between that case and the case at bar is that in the case at bar notice was not served upon the corporation counsel, and that it was not in form as a legal paper. It will thus be seen that the courts have gone a long way to find a substantial compliance with the Laws of 1886. They have not gone, however, and cannot go to the extent of holding that the law is wholly ineffective, and that a mere compliance with the provisions of the Laws of 1898 providing for a notice to the city of the defect and of the injury renders unnecessary a compliance with the Laws of 1886, requiring a notice of intention to commence an action to be served upon the corporation counsel. The contrary of this proposition has been held in Curry v. City of Buffalo, supra.

The judgment should, therefore, be reversed and a new trial granted, with costs to appellant to abide the event.

Judgment reversed on law and facts, referee discharged, and new trial granted, with costs to appellant to abide event. All concur, except CHESTER and KELLOGG, JJ., who dissent.